429 A.2d 1192

**Dominic DePAUL, Appellant,**

v.

**Helen B. DePAUL, a/k/a Helen B. Kinsey.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1979.

Filed May 15, 1981.

Joel S. Robbins, Brookhaven, for appellant.

August T. Groover, Media, for appellee.

Before SPAETH, CAVANAUGH and O'KICKI,* JJ.

O'KICKI, Judge:

This appeal arises from the Final Decree in Equity in which Appellant's Exceptions to the Adjudication and Decree Nisi were dismissed by the court en banc, refusing to impose a constructive trust in favor of Dominic DePaul, Plaintiff and Appellant.

Two issues are present in this appeal. Disposition of the first issue is determinative of the second. The first issue is whether or not the record and evidence presented supports the imposition of a constructive trust in favor of DePaul. The ancillary issue is: if a constructive trust exists between the parties, should there be a court ordered partition of the real estate in question.

In *Vento v. Vento*, 256 Pa.Super. 91, 389 A.2d 615 (1978), the Superior Court set forth the reviewing criteria to be applied in the instant case.

"In reviewing an equity decree, the chancellor's findings of fact, supported by competent evidence, have the weight of a jury verdict. (citation omitted). ' "The test in either case is whether the findings are adequately supported by the record. The chancellor's findings are entitled to particular weight in a case in which the credibility of the

---

* Judge Joseph F. O'Kicki, President Judge, of the Court of Common Pleas of Cambria County, Pennsylvania, is sitting by designation.

witnesses must be carefully evaluated, because he has had the opportunity to hear them and observe their demeanor on the stand." ' " (citations omitted).

From a review of the record, neither the chancellor nor the court en banc have abused their discretion. *Shapiro v. Shapiro*, 424 Pa. 120, 224 A.2d 164 (1966).

The lower court found that Appellee, (Kinsey) had owned real property at 612 Magnolia Avenue, Aldan, Delaware County, Pennsylvania. DePaul purchased, for $300.00, an option to buy land at 118 South Elm Avenue, Aldan, Delaware County, Pennsylvania. (Hereinafter referred to as 612 and 118). Kinsey, with DePaul's consent, exercised the option on 118 with a down payment of $1,000.00, from her personal funds. Kinsey completed the purchase and had 118 deeded in her name as an unmarried woman. The house at 612 was sold. Documents of this transaction were executed in the names of Dominic DePaul and Helen Kinsey DePaul, even though they were not lawfully married at the time of sale. Kinsey entered into a construction agreement and, using the proceeds of the 612 sale along with a mortgage she obtained in her own name as an unmarried woman, constructed a house at 118. Both parties and their families helped with the construction and furnishing of 118. DePaul's veteran's pension check and Kinsey's employment income were used for their mutual benefit. DePaul and Kinsey commenced residing at 118 in February 1973, and were lawfully married on December 17, 1973. Until their separation on April 10, 1976, both parties lived and mutually enjoyed the benefits of 118 South Elm Avenue.

■ DePaul contends that a constructive trust should be imposed upon 118 because the parties intended to create a tenancy by the entireties by adding DePaul's name to the deed. Further, he asserts that denial of imposition of a constructive trust would result in Kinsey being unjustly enriched. The chancellor's findings of fact indicate:

"20. Defendant and wife denied that she intended to put the deed in both names from the very beginning."

"21. Defendant-wife admitted to one occasion where she wanted to transfer title into joint names and indicated that desire to DePaul, but averred that was because of a credit problem."

It is argued that the chancellor's finding of fact number "20" is in error. The record testimony at pages 26, 45, 77, 137, 183, 228, and 229, when considered in totality, fully supports that finding. The point is abundantly clear at page 229:

"Q   What was your intention with respect to the real estate and the building located at 118 South Elm Avenue?

A   I figured the building or the home erected at 118 Elm Avenue was purchased by the children's father. It belonged to them and to me.

Q   Did you ever make a promise to Mr. DePaul or ever indicate to him that you would transfer the title of the real estate to he and you in joint names?

A   I made no promise. I made no promises.

Q   Did he ever indicate to you that he expected you to do that because of the work that he did on the property?

A   No, sir."

Furthermore, the controlling factor, when relief through imposition of a constructive trust is prayed for, is *not* the specific intent between the parties to create a constructive trust but rather whether or not imposition of a constructive trust is necessary to prevent unjust enrichment. *Stauffer v. Stauffer*, 465 Pa. 558, 351 A.2d 236 (1976).

DePaul further argues that a confidential relationship existed between the parties such that a constructive trust should be imposed. As stated in *Stauffer v. Stauffer*, supra, 465 Pa. at 569–570, 351 A.2d 236.

"Whether or not a confidential relationship exists in a given case is usually a question of fact to be determined by no flexible rule but by a weighing of the particular factors present in that case. The mere finding of such a relationship does not in itself cause a constructive trust to be imposed; its effect is simply to impose a burden upon

the party benefiting from the transaction of proving that he took no unfair advantage of his relationship with the other. By the same token, absent a finding of confidential relationship, the complaining party may still prove unjust enrichment."

■ A confidential relationship may exist as a matter of law in certain recognized fiduciary relations. The existence of a close family relationship, however, does not per se justify recognition of a confidential relationship. See *Truver v. Kennedy*, 425 Pa. 294, 229 A.2d 468 (1967).

■ A confidential relationship may also "exist as a matter of fact wherever one person has reposed a special confidence in another to the extent that the parties do not deal with each other on equal terms, either because of an overmastering dominance on the one side, or weakness, dependence or justifiable trust, on the other." *Moreland v. Metrovich* 249 Pa.Super. 88, 95, 375 A.2d 772 (1977).

The record does not indicate that DePaul and Kinsey stood in a confidential relationship such as would create unequal dealings. The evidence shows that the parties worked together for their mutual benefit. Both parties, acting in concert, conducted the transactions in such a manner as to circumvent DePaul's poor credit rating. Kinsey used her good credit rating to obtain financing. DePaul used his business knowledge to obtain the best sale price for 612 Magnolia Avenue and best construction price for the 118 South Elm Avenue. The learned chancellor correctly concluded that the parties did deal with each other on equal terms, that there wasn't an overmastering dominance on the one side or that weakness, dependence or justifiable trust existed on the other side.

■ Even if DePaul could prove that a confidential relationship existed, such evidence would only shift the burden upon the party benefiting from the transaction to show he or she was not unjustly enriched. The record clearly supports the chancellor's finding that the evidence in the case at bar is insufficient to prove that Kinsey was unjustly enriched to DePaul's detriment.

The chancellor in the lower court correctly decided that partition of 118 South Elm Avenue cannot be granted.

Kinsey is the record owner of 118 South Elm Avenue. The Final Decree of the Common Pleas Court of Delaware County, en banc, is hereby affirmed.

Affirmed.