457 A.2d 91

**Barry J. FRIDAY, Appellant,**

v.

**Angela D. FRIDAY, Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 17, 1981.

Filed Jan. 21, 1983.

Reargument Denied March 29, 1983.

---

18

Mary Bell Hammerman, Philadelphia, for appellant.

Philip B. Korb, Philadelphia, for appellee.

Before CERCONE, President Judge, and McEWEN and BECK, JJ.

CERCONE, President Judge:

Appellant, Barry J. Friday, takes this appeal from the order of the court in equity which granted summary judgment in favor of appellee, Angela D. Friday. Our review of the within matter convinces us that the equity court erred

in granting summary judgment and we therefore reverse and remand.

Appellant-husband filed this complaint in equity asking for partition of real property which he claimed the parties held as tenants-in-common, and not by the entireties, owing to the parties' recent divorce. Appellee-wife filed a counterclaim to quiet title and also asked the court to order appellant to execute and deliver a deed in recordable form, since appellee claimed to hold a validly delivered deed but one which was not recordable because it was not notarized. Appellant filed an answer to appellee's counterclaim, denying the claim that appellee had made numerous requests for a new deed. Instead, appellant claimed that it was only through his inquiries that he learned that appellee wished to sell the property and donate the proceeds to the Hare Krishna Temple. Appellant further claimed that the parties, prior to their divorce, had entered into an agreement regarding the settlement of the property. Appellant alleged that the essence of this agreement was that the title in the real property would be transferred to appellee, who had custody of the parties' two children, so that the children would have a home and that eventually the property itself or its proceeds would enure to the benefit of the children. It was further claimed that appellee attempted to inculcate the children, who up to that time were being raised as Catholics, into the Hare Krishna Temple, whereupon, in a prior proceeding, appellant filed a habeas corpus petition and was awarded custody of the children. Appellant stated that when the parties entered into this agreement, it was at no time contemplated that appellee would attempt to inculcate their children with another religion while they were being raised in the Catholic religion and were attending Catholic schools, or that appellee would transfer the property or its proceeds to the Hare Krishna Temple, which she was planning to join. Basically, appellant claimed that the transfer of the property to appellee was not an effective transfer because there was a failure of consideration. Appellee then filed a motion for summary judgment. Before

this motion was ruled upon, appellant filed a petition to amend the caption to include the names of the parties' two adolescent daughters. In due course, the equity court granted summary judgment for appellee and dismissed appellant's petition to amend as moot in view of the court's disposition of the case.

The general rule regarding summary judgments was reiterated by this Court in *Petraglia v. American Motorists Ins. Co.*, 284 Pa.Superior Ct. 1, 3, 424 A.2d 1360, 1361 (1981), wherein we said:

> Summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.Civ.P. 1035(b). Summary judgment can only be granted in the clearest of cases. *See e.g., Schacter v. Albert*, 212 Pa.Superior Ct. 58, 239 A.2d 841 (1968). Additionally, the evidence must be viewed in the light most favorable to the non-moving party and all doubts must be resolved against the moving party.

■ Applying the rule as set forth in the *Petraglia* case, we hold that the pleadings, etc., in the instant case do not show a lack of genuine issue of a material fact. Appellant claimed that the "deed" at issue was executed pursuant to an agreement between the parties which contemplated that the property was to be used to benefit the parties' children. This allegation raises the question of whether a constructive trust should be held to exist. Although it is true that appellant did not specifically ask the equity court to impress a constructive trust, this is of no moment since a court of equity, once it assumes jurisdiction for one or more purposes, will retain jurisdiction for all purposes to give complete relief and to do justice between the parties; this may include an award of equitable relief not covered by the original prayer. *Piercing Pagoda, Inc. v. Hoffner*, 465 Pa. 500, 351 A.2d 207 (1976); *Cerami v. Dignazio*, 283 Pa.Superior Ct. 424, 424 A.2d 881 (1980).

■ We have recently summarized the law regarding a constructive trust thusly:

The Supreme Court has said that a constructive trust "is not really a trust at all but rather an equitable remedy." *Buchanan v. Brentwood Federal Savings & Loan Ass'n,* 457 Pa. 135, 151, 320 A.2d 117, 126 (1974); *See also Kimball v. Barr Township,* 249 Pa.Super. 420, 378 A.2d 366 (1977). As such, it "is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee." *Buchanan v. Brentwood Federal Savings & Loan Ass'n, supra,* 457 Pa. at 152, 320 A.2d at 127. A constructive trust may arise "even though the acquisition of property was not wrongful and the defendant's intention was not malign. Our courts focus not on intention, but on the result of unjust enrichment." *Kimball v. Barr Township, supra,* 249 Pa.Super. at 425, 378 A.2d at 368. *See also Roman Mosaic and Tile Co., Inc. v. Vollrath,* 226 Pa.Super. 215, 218, 313 A.2d 305, 307 (1973); *see generally Restatement of Restitution,* §§ 160, 194 (1937).

*Gee v. Eberle,* 279 Pa.Superior Ct. 101, 112, 420 A.2d 1050, 1056 (1980).

Additionally, it should be noted that a constructive trust for realty can be based upon oral evidence because statutory law specifically exempts trusts arising by "implication or construction of law" from the Statute of Frauds. The Act of 1856, April 22, P.L. 532, § 4, 33 P.S. § 2 (1967); *Truver v. Kennedy,* 425 Pa. 294, 229 A.2d 468 (1967); *Silver v. Silver,* 421 Pa. 533, 219 A.2d 659 (1966).

One respected treatise on the law of trusts has discussed the type of factual scenerio now before this Court and offered these comments:

If the theory of constructive trusts arising out of violation of confidential relations is that the trusted grantee is forbidden to acquire any selfish profit or

benefit during his administration, and not hold all such benefits for the grantee, then *where A, who is a confidential relation with B, conveys to B an oral trust for C, and B refuses to perform, the property should be returned by B to A and C should have no remedy.* This would seem the sound result on principle. *However, many cases afford relief to C in the case supposed, where there has been no competing claim by A.* This is doubtless on the theory that the confidential relation between A and B proves that B acquired the land by undue influence or fraud, and that since B by his wrongdoing has obtained from it property intended for C, the wrong is to C just as much as if C had been induced by B to convey land to B through such wrongful conduct.

Bogert, Trusts and Trustees § 496 (2nd ed. rev. 1978) (footnotes omitted).

It is apparent from this review of the law that the resolution of appellant's complaint is not so free from doubt that it can be decided by summary judgment.

We, therefore, reverse the summary judgment and remand the instant case to the chancellor for a hearing, with a direction that the court should decide if the facts present a proper case for a constructive trust. We also direct that the chancellor consider on the merits appellant's petition to amend the caption to include the names of the children, since the reversal of the summary judgment would mean that this petition is no longer moot.

Jurisdiction is relinquished.

BECK, J., files a concurring and dissenting opinion.

BECK, Judge, concurring and dissenting:

I agree with the majority that a discussion of constructive trusts is prompted by Appellant's averment that he executed the deed in accordance with the parties' separation agreement and in reliance upon Appellee's oral promise to hold the land for the benefit of the parties' children. Furthermore, I agree with the majority that once a court of

equity assumes jurisdiction, it may fashion whatever relief is appropriate, including "equitable relief not covered by the original prayer." *Piercing Pagoda, Inc. v. Hoffner,* 465 Pa. 500, 513, 351 A.2d 207, 213 (1976). Therefore, I conclude, as does the majority, (1) that the present case must be remanded to the chancellor for a hearing to determine whether a constructive trust exists and (2) that the possible existence of a constructive trust presents a genuine issue as to a material fact and thus requires the denial of summary judgment to Appellee.

However, having carefully studied the majority's incisive opinion and being unable to anticipate the facts which may be adduced before the chancellor to prove or disprove the existence of a constructive trust, I respectfully make the following observations.

" ' "[A] constructive trust arises where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." ' " *Truver v. Kennedy,* 425 Pa. 294, 305, 229 A.2d 468, 474 (1967) (citations omitted); *Denny v. Cavalieri,* 297 Pa.Super.Ct. 129, 443 A.2d 333 (1982). Section 44(1) of the Restatement (Second) of Trusts (1959) enumerates three theories which support the existence of a constructive trust: "(a) the transfer was procured by fraud, duress, undue influence or mistake, (b) the transferee at the time of the transfer was in a confidential relation to the transferor, or (c) the transfer was made as security for an indebtedness of the transferor." *Moreland v. Metrovich,* 249 Pa.Super.Ct. 88, 375 A.2d 772 (1977), *allocatur denied.*

Thus, on remand I would direct the chancellor to determine whether on the facts adduced at the remand hearing a constructive trust exists under either Section 44(1)(a) or Section 44(1)(b). In making this determination the chancellor cannot restrict his inquiry to whether a constructive trust results in this case from a confidential relation between the parties by presuming that the parties' former

marital status as husband and wife necessarily establishes a confidential relation.

The party asserting a confidential relation "must prove the relationship as a *matter of fact." Moreland,* 249 Pa.Superior at 95, 375 A.2d at 775 (emphasis added). "[A] close family relationship [established by marriage or blood] ... does not *per se* justify recognition of a confidential relationship." *Id.*[1] Here, the record to date indicates that as an initial step in the dissolution of their marriage the parties entered into a separation agreement pursuant to which Appellant conveyed property to Appellee. Based upon the evidence presented at the remand hearing the chancellor shall then consider whether despite being on the verge of divorce at the time of the property conveyance, Appellant and Appellee were nevertheless operating in a confidential relationship with respect to each other or were, in fact, adversaries dealing with each other at arm's length. *See DePaul v. DePaul,* 287 Pa.Super.Ct. 244, 429 A.2d 1192 (1981).

Since the chancellor's scope of inquiry in this case is not limited by a presumption to a consideration of constructive trusts founded upon confidential relations, the chancellor shall also consider on remand whether the facts evidence a constructive trust based upon fraud or undue influence, *i.e.,* whether Appellee "took unfair advantage of [Appellant] and fraudulently obtained his share of the property by means of ... misrepresentations [or undue influence]." *Stauffer v. Stauffer,* 465 Pa. 558, 573, 351 A.2d 236, 243–44 (1976)[2];

1. *Moreland v. Metrovich,* 249 Pa.Super.Ct. 88, 375 A.2d 772 (1977), *allocatur denied* [sister conveyed property to her sister and brother-in-law]; *Stauffer v. Stauffer,* 465 Pa. 558, 351 A.2d 236 (1976) [husband conveyed property to his wife]; *Silver v. Silver,* 421 Pa. 533, 219 A.2d 659 (1966) [mother conveyed property to her sons].

2. "It is clear that a fraudulent intention at the time of a transaction can be inferred from the totality of the circumstances surrounding the transaction, including subsequent conduct...." *Stauffer v. Stauffer,* 465 Pa. 558, 574, 351 A.2d 236, 244 (1976); *Denny v. Cavalieri,* 297 Pa.Super. 129, 443 A.2d 333 (1982). Moreover, "there is no requirement that the subsequent conduct that will justify an inference of

Subsection 44(1)(a) of the Restatement (Second) of Trusts (1959).[3]

Because there remains a clear factual dispute as to the existence of either a confidential relation between the parties or fraud or undue influence, summary judgment must be denied, and the case must be remanded for an evidentiary hearing before the chancellor in light of Subsections 44(1)(a) and 44(1)(b) of the Restatement (Second) of Trusts.

fraudulent intent be immediate." *Stauffer*, 249 Pa.Superior at 575 n. 6, 351 A.2d at 244 n. 6.

**3.** Both subsection 44(1)(a) of the Restatement (Second) of Trusts (1959) and Section 166 of the Restatement of Restitution (1937) state that a constructive trust is appropriate where a transfer of property has been prompted by fraud, duress or undue influence.