497 A.2d 637

CONCORDE INVESTMENTS, INC. c/o Faust and Rabbach

v.

Arthur A. GALLAGHER and Aurea A.
Gallagher, h/w, Appellants.

Arthur A. GALLAGHER and Aurea A.
Gallagher, h/w, Appellants,

v.

CONCORDE INVESTMENTS, INC. and David Ross.

Superior Court of Pennsylvania.

Submitted April 2, 1985.

Filed Aug. 16, 1985.

Michael P. Rowan, West Chester, for appellants.

Stephen T. Martin, Assistant Public Defender, Media, for appellees.

Before CAVANAUGH, OLSZEWSKI and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the September 28, 1984 order below (1) dismissing appellants' (the Gallaghers) exceptions to the August 23, 1984 verdict, (2) entering judgment in favor of appellee (Concorde Investments, Inc.) and against appellants in the amount of $33,750.00, (3) vacating a stay of writ of possession filed by appellee, and (4) ordering appellants to vacate the premises situated at 940 Mill Road, Radnor Township, Pennsylvania, and entitling appellee to possession thereof. For the reasons discussed herein, we affirm.

On June 30, 1983, appellants filed a complaint in equity against appellee seeking specific performance of an alleged oral agreement for the sale of the above-mentioned property and, alternatively, seeking to recover the sum of $29,000 for alleged improvements made to the subject premises. Appellee filed an answer and new matter on October 6, 1983, denying that any agreement was made for the sale of realty to appellants and that appellants' claim was barred by the Statute of Frauds. Appellee also filed a counterclaim for rent allegedly due for appellants' use and occupation of the property. In addition, appellee commenced a separate action in ejectment against appellants seeking to recover possession of the subject premises together with the rents allegedly due.

Appellants' action in equity and appellee's action in ejectment were consolidated for the purposes of trial. Following a May 21, 1984 non-jury trial, the lower court made the following findings of fact:

1. Arthur A. Gallagher and Aurea A. Gallagher, husband and wife, entered into a contract to purchase the

property at 940 Mill Road, Radnor Township, Delaware County, Pennsylvania.

2. The Gallaghers were unable to come up with the funds to purchase the property, and, in lieu of default, approached Omar Tigrak to lend them the balance of the purchase price.

3. Omar Tigrak approached Concorde Investments, Inc., on behalf of Gallagher to arrange financing for the property.

4. Concorde Investments, Inc., agreed to accept an assignment of the contract from Gallagher, purchase the property themselves, and lease it back to Gallagher, with an option to purchase.

5. Gallagher executed a written assignment of the contract to Concorde Investments, Inc., on April 23, 1982.

6. On April 23, 1982, Concorde Investments, Inc., purchased the property at 940 Mill Road.

7. Gallagher took possession of the property a few days later that same month.

8. In June of 1982, Concorde prepared a written lease agreement with an option to purchase the property, as previously agreed upon, and delivered it to Gallagher's attorney in Media, Pennsylvania.

9. The lease called for annual rent of $15,000.00 a year, with Gallagher being responsible for maintenance and taxes.

10. Gallagher never executed the written lease despite repeated requests to do so.

11. Arthur Gallagher never procured any coal nor performed any work for Cedac Trading Limited.

12. Neither Omar Tigrak nor Cedak [sic] Trading Ltd. ever agreed to pay Arthur Gallagher any money if Cedac Trading Ltd. did business with United Coal.

13. United Coal never provided coal for Cedac Trading Limited.

14. Concorde made repeated demands on Gallagher to pay rent for the property at 940 Mill Road.

15. Gallagher has occupied the premises at 940 Mill Road, Radnor Township, Delaware County, Pennsylvania, continuously for more than 2 years, and will not vacate despite demands of Concorde.

16. The Gallaghers have never made a single payment to Concorde on account of rent, taxes, or the purchase of the mansion at 940 Mill Road.

17. The Gallaghers never informed Concorde that they were making or intending to make any improvements to the Property.

18. The Gallaghers did not produce any receipts for any alleged improvements made to the property, for which they claim $30,000.00, despite repeated requests to do so.

19. There has never been a contract for the sale of the property between the parties.

(Lower Court Opinion, entitled "TRIAL BEFORE JUDGE SITTING WITHOUT JURY," at 2–4). From these findings of fact, the court concluded as a matter of law that (1) appellants failed to prove the existence of an oral or written agreement of sale with appellee for the Mill Road premises, (2) appellants failed to prove with reasonable certainty the value of any alleged improvements made to the subject premises, (3) appellee is entitled to possession of the Mill Road property, and (4) appellants owed appellee $33,750 in overdue rent stemming from their use and occupation of the premises. A verdict was entered accordingly. Appellants' exceptions to the verdict were dismissed, and judgment was then entered on the verdict. This appeal followed.

■ Appellants contend first that the substantial part performance exception to the Statute of Frauds applies so as to warrant enforcement of the oral contract. The Statute of Frauds provides that:

§ 1. **Parol leases, etc.; estates in lands not to be assigned, etc., except by writing**

From and after April 10, 1772, all leases, estates, interests of freehold or term of years, or any uncertain interest of, in, or out of any messuages, manors, lands,

tenements or hereditaments, made or created by livery and seisin only, or by parol, and not put in writing, and signed by the parties so making or creating the same, or their agents, thereunto lawfully authorized by writing, shall have the force and effect of leases or estates at will only, and shall not, either in law or equity, be deemed or taken to have any other or greater force or effect, any consideration for making any such parol leases or estates, or any former law or usage to the contrary notwithstanding; except, nevertheless, all leases not exceeding the term of three years from the making thereof; and moreover, that no leases, estates or interests, either of freehold or terms of years, or any uncertain interest, of, in, to or out of any messuages, manors, lands, tenements or hereditaments, shall, at any time after the said April 10, 1772, be assigned, granted or surrendered, unless it be by deed or note, in writing, signed by the party so assigning, granting or surrendering the same, or their agents, thereto lawfully authorized by writing, or by act and operation of law. 1772, March 21, 1 Sm.L. 389, § 1.

33 P.S. § 1. Thus, *oral* contracts to convey real estate violate the Statute of Frauds and are unenforceable. *Fannin v. Cratty*, 331 Pa.Superior Ct. 326, 329–331, 480 A.2d 1056, 1058 (1984); *Briggs v. Sackett*, 275 Pa.Superior Ct. 13, 16, 418 A.2d 586, 588 (1980); *Eastgate Enterprises, Inc. v. Bank and Trust Co. of Old York Road*, 236 Pa.Superior Ct. 503, 506, 345 A.2d 279, 280–281 (1975). *See also Target Sportswear, Inc. v. Clearfield Foundation*, 327 Pa.Superior Ct. 1, 9–11, 474 A.2d 1142, 1147 (1984); *Haines v. Minnock Construction Co.*, 289 Pa.Superior Ct. 209, 216, 433 A.2d 30, 33 (1981). However, "[s]pecific evidence that would make recission of an oral contract inequitable and unjust will take such contract outside of the Statute of Frauds; partial performance, which has benefited the party invoking the Statute, will in appropriate circumstances, bar the invocation of the rule." *In re Estate of Brojak*, 321 Pa.Superior Ct. 154, 167, 467 A.2d 1175, 1182 (1983); *Eastgate Enterprises, Inc. v. Bank and Trust Co. of Old York*

*Road, supra* 236 Pa.Superior Ct. at 506, 345 A.2d at 280. For example, specific performance may be ordered where it appears that continuous and exclusive possession of the subject property was taken under the oral contract *and* improvements were made by the buyer not readily compensable in money. *Klingensmith v. Klingensmith,* 375 Pa. 178, 184, 100 A.2d 76, 79 (1953); *Briggs v. Sackett, supra* 275 Pa.Superior Ct. at 16–17, 418 A.2d at 588–589.

▪ Here, appellants allege that they have been in possession of the Mill Road premises since the last week of April, 1982, paid a $10,000 down payment on the property, and effected $29,000 worth of improvements between April, 1982, and May, 1984. Although it is undisputed that appellants have been in continuous and exclusive possession of the property, appellants failed to present any documented evidence (*e.g.,* receipts) at trial in support of their testimony regarding the alleged expenditures. Moreover, according to the evidence accepted by the trial court, the $10,000 deposit was paid to a third party and would have been forfeited because of appellants' inability to come up with the $90,000 balance of the purchase price. Therefore, we agree with the lower court that appellants have not proved their claim of substantial part performance.

▪ Appellants contend next that the trial court erred in refusing to allow them to present documented evidence of their expenditures for the improvements. "It is axiomatic that questions concerning the admission or exclusion of evidence are within the sound discretion of the trial court, whose decision will not be disturbed absent a clear abuse of that discretion." *Gallegor by Gallegor v. Felder,* 329 Pa. Superior Ct. 204, 211, 478 A.2d 34, 38 (1984); *In re Kirkander,* 326 Pa.Superior Ct. 380, 383–385, 474 A.2d 290, 292 (1984); *Burch v. Sears, Roebuck and Co.,* 320 Pa.Superior Ct. 444, 455, 467 A.2d 615, 621 (1983). The court may exclude evidence that is irrelevant, confusing, misleading, cumulative or prejudicial. *See Martin v. Soblotney,* 502 Pa. 418, 422, 466 A.2d 1022, 1024 (1983); *Gallegor by Gallegor v. Felder, supra* 329 Pa.Superior Ct. at 211, 478

A.2d at 38; *Burch v. Sears, Roebuck and Co., supra* 320 Pa.Superior Ct. at 455, 467 A.2d at 621; *Lewis v. Mellor,* 259 Pa.Superior Ct. 509, 515, 393 A.2d 941, 944–945 (1978).

■ At the commencement of the instant trial, appellee's counsel moved to exclude appellants' evidence of their alleged improvements (*i.e.*, receipts, cancelled checks, and documents) because appellants' counsel never complied with appellee's repeated requests for production of the documents. Appellants' counsel responded that he told appellee's counsel that the documents would be sent as soon as he received them and that the documents were only assembled the afternoon before trial commenced. Following an off-the-record conference in chambers, the trial court ruled to exclude the proffered evidence. (N.T. May 21, 1984 at 5–7). Although the court did not state on the record the reason for the exclusion, appellee avers in his appellate brief that appellants attempted to present at trial numerous cancelled checks as evidence of repairs and improvements to the property; that on several of the checks was written "Trip to Florida," on one check was written "trip to Cleveland," and the remainder of the checks were made out to "cash;" and that the court excluded the checks as irrelevant. (Brief for Appellee at 9). We recognized that this Court can consider only the facts in the record and not those interjected by a party's brief. *Siravo v. AAA Trucking Corp.,* 306 Pa.Superior Ct. 217, 218–219, 452 A.2d 521, 522 (1982); *Society Hill Towers Owners Association v. Matthew,* 306 Pa.Superior Ct. 13, 17–19, 451 A.2d 1366, 1369 (1982); *McAllonis v. Pryor,* 301 Pa.Superior Ct. 473, 475, 448 A.2d 5, 6 (1982). However, we note that appellants have not disputed appellee's assertions or made contrary allegations as to the profferred evidence. Instead, appellants argue that, upon appellants' failure to produce the requested documents, appellee's counsel should have moved for sanctions under Pa.R.Civ.P. 4019(a) rather than make an oral motion in court to preclude the documents. Thus, appellants argue that exclusion was error. We disagree. Appellants have not even alleged that the excluded evidence

was relevant, but have only sought to excuse their own noncompliance with appellee's discovery requests. Under these circumstances, we find no abuse of discretion on the part of the trial court.

 Appellants also contend that the trial court erred in admitting Exhibit PC–4, the unexecuted lease agreement containing rental terms and the option to purchase. *See* N.T. May 21, 1984 at 97–99, 117. This document was identified by David Faust, appellee's director, officer and general counsel, and merely corroborated Faust's own testimony as to the terms of the lease agreement and option to purchase as discussed by the parties. *See* N.T. May 21, 1984 at 95, 98; *cf. Schmidt v. Campbell,* 136 Pa.Superior Ct. 590, 593–94, 7 A.2d 554, 556–557 (1939) (powers of attorney admitted into evidence to corroborate other evidence and to substantiate defendants' contentions, and not admitted for their legal efficacy). Although it is true that the lower court, in determining the money judgment, based its finding of a reasonable rental figure on a $15,000 per year rate, the term contained in the unexecuted agreement, this term was also testified to by Faust. Therefore, the trial court properly adjudged credibility and accepted the evidence presented by appellee's witness. Accordingly, we find no abuse of discretion in the court's admission of this document.

Appellants next allege trial court error in making the following findings of fact: (1) appellant Arthur Gallagher never procured coal nor preformed work for Cedac Trading Ltd.; (2) appellants never informed appellee that they were intending to make improvements and repairs to the property; and (3) there has never been a contract for the sale of the subject property between the parties.

It is settled that the findings of a trial judge sitting without a jury must be accorded the same weight and effect on appeal as a jury verdict, and will not be disturbed in the absence of an abuse of discretion or a finding of lack of evidentiary support.... An appellate court, however, is not bound by the trial court's conclu-

sions of law based on its findings of fact.... It is also clear that the party favored by the findings of the trial judge is entitled to have the evidence viewed in the light most favorable to him; that is, all the evidence and proper inferences favorable to him must be taken as true and all unfavorable inferences rejected.... This is particularly true in a case in which the credibility of witnesses must be closely evaluated.

*Linnet v. Hitchcock,* 324 Pa.Superior Ct. 209, 212–213, 471 A.2d 537, 539 (1984) (citations omitted). *See also Valley Forge Historical Society v. Washington Memorial Chapel,* 330 Pa.Superior Ct. 494, 500–502, 479 A.2d 1011, 1015 (1984); *2401 Pennsylvania Avenue Corp. v. Federation of Jewish Agencies of Greater Philadelphia,* 319 Pa.Superior Ct. 228, 236, 466 A.2d 132, 135–136 (1983). "The resolution of conflicts in the evidence presented is for the trier of fact." *In re Cummings Estate,* 330 Pa.Superior Ct. 255, 135–136, 479 A.2d 537, 541 (1984). "Therefore, we must accept the trial judge's findings with respect to the credibility of the witnesses and the weight to be accorded their testimony." *Delahanty v. First Pennsylvania Bank, N.A.,* 318 Pa.Superior Ct. 90, 114, 464 A.2d 1243, 1255 (1983). *See also Valley Forge Historical Society v. Washington Memorial Chapel, supra; Hopkins v. Stepler,* 315 Pa.Superior Ct. 372, 375, 461 A.2d 1327, 1328–1329 (1983); *Dudash v. Dudash,* 313 Pa.Superior Ct. 547, 552, 460 A.2d 323, 324–325 (1983).

█ So viewed, the evidence in the instant case amply supports the trial court's findings of fact. Although appellants testified that they did inform appellee as to their intention to make improvements to the property and that Arthur Gallagher was due commissions from Cedac for work performed, the court apparently rejected this testimony and, instead, accepted David Faust's testimony to the contrary. *See* N.T. May 21, 1984 at 100, 102. With regard to appellants' assertion that there was a contract of sale between the parties, appellants curiously rely upon Faust's testimony on cross-examination that there was an oral

agreement whereby appellee would purchase the property and appellants would then be given an option to purchase the property from appellee. (Brief for Appellant at 18). *See* N.T. May 21, 1984 at 94. However, appellants neglect to mention (and apparently reject) the remainder of Faust's testimony that this option to purchase was contained in a *lease* agreement whereby appellants were to pay rent at an annual rate of $15,000 per year (or $1,250/month). *See* N.T. May 21, 1984 at 97–99. Moreover, even under the terms of the option to purchase, appellants clearly failed to comply because they did not settle on the property by the end of April, 1983, or by June 10, 1983. The trial court accepted appellee's evidence regarding the terms of the entire lease agreement and option to purchase, and we see no reason to overturn the court's finding in this regard.

■ Appellants also contend that the trial court erred in failing to consider and credit the $10,000 down payment made by appellants on the original contract to purchase the residence. We disagree. Appellants paid the $10,000 deposit to Fox Field Associates, not to appellee. According to the evidence accepted by the trial court, appellants stood to forfeit this payment if they failed to complete settlement on the original sales contract. Therefore, the parties agreed that appellants would assign their rights as purchaser under that contract with Fox Field to appellee, and that appellee would then purchase the property and lease it back to appellants. The unconditional assignment, signed by both appellants, makes no provision for the $10,000 payment to Fox Field. Appellants have never paid appellee any rentals or purchase payments. Therefore, we fail to see how the trial court's award of $33,750.00 in overdue rent unjustly enriched appellee.

■ Finally, appellants allege that there was a conflict of interest because Stephen T. Martin, appellee's counsel, filed a preliminary objection in the nature of a demurrer on behalf of and at the request of David Ross, the other named defendant. This objection was sustained, thereby removing Ross as a defendant in the action. Prior to suit, appellee

signed an agreement of sale for the subject property with Ross for $105,000.00. Thus, appellants argue that a conflict of interest existed because the same attorney represented both the purchaser and the seller to a realty sale and that such dual representation seriously thwarted settlement negotiations between appellants and appellee prior to and throughout the trial in the instant case. We find no merit in this argument. Martin's representation of Ross was limited to filing the preliminary objection and appellee and Ross are not opposing parties in this suit. We fail to see how that single filing by Martin affected settlement negotiations.

Accordingly, because appellants have not presented any meritorious arguments, we affirm the order below.

Affirmed.