563 A.2d 540

**Richard C. FUISZ**

v.

**Margaret FUISZ, Appellant.**

Superior Court of Pennsylvania.

Submitted April 17, 1989.

Decided Aug. 28, 1989.

592

Thomas P. Stitt, Easton, for appellant.

April L. Cordts, Easton, for appellee.

Before TAMILIA, POPOVICH and MELINSON, JJ.

TAMILIA, Judge:

This is a timely appeal by defendant Margaret Fuisz of a final decree entered on November 17, 1988 following the trial court's denial of her exceptions to a decree nisi entered after a non-jury trial on this matter. We affirm.

This action for specific performance of an oral "agreement" to convey real property was commenced on February 5, 1987 by appellee, appellant's son. Appellant responded on March 5, 1987 by filing an answer and new matter denying the existence of an agreement and averring that damages were an adequate remedy and raising the affirmative defense of the statute of limitations. A bench trial was held on January 27, 1988, in which the trial judge reserved judgment pending the filing of briefs. On September 22, 1988, the trial judge entered an adjudication and decree nisi granting appellee's demand for specific performance. Appellant's exceptions to the decree nisi were denied and dismissed and the decree nisi was made final on November 17, 1988. This timely appeal followed.

In rendering its adjudication and decree nisi, the trial court found the following facts to be undisputed by the parties:

[Appellant] and her husband, Anton Fuisz, purchased fifty (50) acres of land in Lower Nazareth Township. When the land was acquired in the 1930's, it contained a house that became the family dwelling. Later, in the

1960's, appellant and her husband gave various parcels from the tract of fifty (50) acres to their two sons, Richard and Robert Fuisz. These earlier gifts included fully executed deeds of conveyance. In 1972, [appellee], Richard Fuisz, built a separate home on the Lower Nazareth tract. It was located on acreage not previously deeded to him. Instead, with the full knowledge and approval of his parents, [appellee] constructed his personal residence on a portion of the tract still owned by his mother and father. In addition to permitting their son to expend money for improvements, [appellant] assisted him in his dealings with various contractors and material-men. In 1982, a deed was prepared for the [appellee's] homesite, however, he refused to accept the instrument as tendered because it did not include a right-of-way to his parents' driveway or the use of their barn. Since 1982, no renewed offer to convey has been made; and, therefore, plaintiff still lacks legal title to the land on which he erected his personal residence.[1]

1. In 1979, plaintiff was divorced from his wife. Since that time, he has not lived on the property. His ex-wife and the children continue to live there.

(Slip Op., Franciosa, J., 9/22/88, p. 2.)

On appeal appellant has raised five issues: 1) the trial court acted improperly in granting appellee relief on grounds other than those pled by appellee's complaint; 2) the court erred in its application of the law of specific performance to this case; 3) the court erred in failing to grant appellant's motion for a nonsuit at the conclusion of appellee's case; 4) the court erred in failing to find a violation of the statute of limitations; and 5) the court erred in failing to find appellee could be adequately compensated in damages.

We are constrained by a narrow standard of review and are bound by the trial court's determination pertaining to the credibility of the witnesses and the weight to be accorded the evidence:

[A]ppellate review of equity matters is limited to a determination of whether the chancellor committed an error of

law or abused his discretion. The scope of review of a final decree in equity is limited and will not be disturbed unless it is unsupported by the evidence or demonstrably capricious.

*Hostetter v. Hoover*, 378 Pa.Super. 1, 6, 547 A.2d 1247, 1250 (1988) (citations omitted).

■ We find no merit to appellant's first claim that the trial court erred or acted outside its authority in granting appellee relief, when the court ruled that an oral contract as pled by appellee was not present for lack of consideration. The trial court ruled that appellee was not entitled to specific performance because of the existence of any oral contract, but, instead, found that the facts pled and proven at trial constituted the existence of a parol inter vivos gift of real estate from appellee's parents to himself. In so finding the court, sitting in equity, acted within its authority. Although appellee did not ask the court to find a gift, "[w]here equity assumes jurisdiction for one or more purposes, it will retain jurisdiction for all purposes to give complete relief and to do complete justice between the parties. This may include an award of equitable relief not covered by the original prayer." *Piercing Pagoda, Inc. v. Hoffner*, 465 Pa. 500, 513, 351 A.2d 207, 213 (1976); *Friday v. Friday*, 311 Pa.Super. 17, 20, 457 A.2d 91, 92 (1983).

■ Next, appellant argues the evidence was insufficient to show either an oral contract or a gift for the transfer of real estate. We find little merit in this argument due to the clear testimony of appellee that his parents gave him access to the land and expressed their intention he would receive it; in reliance on this belief he built his home with their full knowledge and cooperation. Appellant's entire claim, as to this argument, boils down to her disagreeing with the findings of the trial court. Upon careful review of the testimony, we find the court committed no abuse of discretion in finding donative intent on the part of appellee's parents and that a gift was made. Similarly, we find no merit in appellant's third issue that the court erred in

denying her motion for nonsuit at the end of the appellee's case.

■■■ Next, appellant claims the four year statute of limitations of 42 Pa.C.S. § 5525(3), concerning contracts not founded upon an instrument in writing, applies to prohibit appellant's cause of action. We find this argument to be without merit. The statute of limitations is not an affirmative defense in equity actions, the proper defense is a claim of laches. *Ritter v. Theodore Pendergrass Teddy Bear Productions*, 356 Pa.Super. 422, 514 A.2d 930 (1986). Laches can only be found in clear cases, when the party asserting laches shows a delay arising from the other party's failure to exercise due diligence and prejudice from the delay. *Estate of Marushak*, 488 Pa. 607, 413 A.2d 649 (1980); *Leedom v. Thomas*, 473 Pa. 193, 373 A.2d 1329 (1977). Furthermore, laches will not be imputed to one constantly in possession of premises the title of which is in controversy. *Fitzpatrick v. Fitzpatrick*, 346 Pa. 202, 29 A.2d 790 (1943). Here, there is no clear claim to laches. Appellee clearly moved onto the property at the time the gift was made and no prejudice can be shown by appellant. Moreover, appellee has held constant possession of the property in controversy since 1972.

■■■ Lastly, we find specific performance is a proper remedy under these circumstances. Due to real estate's unique character the remedy of specific performance in equity is particularly appropriate, especially when substantial improvements have been made to the land. *See Concorde Investments, Inc. v. Gallagher*, 345 Pa.Super. 49, 497 A.2d 637 (1985).

Order affirmed.

POPOVICH and MELINSON, JJ., concur.

POPOVICH, Judge, concurring:

While I agree with the majority's opinion, I write separately to reiterate our Supreme Court's position on the Statute of Frauds' effect on a parol gift of land. In *Rarry*

*v. Shimek*, 360 Pa. 315, 316–20, 62 A.2d 46, 47–48 (1948), and again in *In re Yarnall's Estate*, 376 Pa. 582, 590, 103 A.2d 753, 758 (1954), our Supreme Court stated:

> The requisites for the creation of a valid parol gift of land notwithstanding the Statute of Frauds of March 21, 1772, 1 Sm.L. 389, sec. 1, 33 P.S. § 1, have been clearly defined in a multitude of cases. Those requisites are (1) that the evidence of the gift be direct, positive, express and unambiguous; (2) that possession be taken in pursuance of the alleged gift at the time or immediately after it is made, and that such possession be exclusive, open, notorious, adverse and continuous; (3) that the donee make valuable improvements on the property for which compensation in damages would be inadequate. (footnotes omitted)

Cases involving a parol gift of land have not appeared before the courts of our Commonwealth since *Yarnall's Estate*. Accordingly, I believe it is important to note the continued authority of the aforementioned decisions. As applied instantly, the parol gift of land by the appellant meets the requirements of *Rarry* and *Yarnall's Estate*, and thus, the gift does not run afoul of the Statute of Frauds.

MELINSON, Judge, concurring:

As indicated by Judge Popovich in his concurring statement, the elements for a creation of a valid parol gift of land are set forth in *Rarry v. Shimek*, 360 Pa. 315, 62 A.2d 46 (1948), and *In re Yarnall's Estate*, 376 Pa. 582, 103 A.2d 753 (1954). These are: "(1) that the evidence of the gift be direct, positive, express and unambiguous; (2) that possession be taken in pursuance of the alleged gift at the time or immediately after it is made, and that such possession be exclusive, open, notorious, adverse and continuous; (3) that the donee make valuable improvements on the property for which compensation in damages would be inadequate." *Rarry*, 360 Pa. at 317–318, 62 A.2d at 47–48; *Yarnall's Estate*, 376 Pa. at 590, 103 A.2d at 758 (footnotes omitted). I agree with Judge Popovich that the record adequately

demonstrates that these elements have been met. I write separately to emphasize that our review of this case is controlled by the requirements of *Rarry* and *Yarnall's Estate*. Only one of these elements, that of donative intent, is treated in the majority's analysis. Accordingly, I concur with, rather than join, the majority.