## Hofstetter v. Century Products Inc.

28

C.P. of Lackawanna County, no. 95 CV 2992.

*Larry E. Coben, Garrett J. Olexa* and *Nicholas S. Mattise,* for plaintiffs.
*Deborah P. Nason* and *Mary Lou Maierhofer,* for defendants.

MINORA, *J.,* April 14, 1998—This matter is before the court by way of plaintiff's motion to compel discovery from Century defendants. The plaintiff instituted a cause of action alleging that she was a passenger in an automobile involved in a collision, and that her resulting injuries were caused by the defective design of the Commander booster seat in which she was riding. Plaintiff further avers that the defendants marketed alternative designs to the Commander booster seat which

would have provided an adequate level of protection to the plaintiff. Plaintiff therefore seeks information relating to the design, manufacture, and test information for the defendant's Safe-T-Rider, Breverra and CR-3 model booster seats. The defendants argue that the plaintiffs should not be entitled to the requested information on the other model child seats because the plaintiffs have failed to demonstrate that the other models are substantially similar to the Commander.

Additionally, the plaintiff seeks to obtain information the defendant was ordered to produce in the case of *Hartmann v. Century Products*, 92-562-TUC-RMB, U.S. District Court, State of Arizona.

Briefs were submitted and oral argument was heard before this court on January 27, 1998. This memorandum and order follows.

## DISCUSSION

The Pennsylvania Rules of Civil Procedure limit the scope of pretrial discovery to "any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery." Pa.R.C.P. 4003.1. The purpose of discovery is to expedite litigation and not to provide an intermediate arena for jousting in the time between the pleadings and the actual trial. *Boyle v. Steiman*, 429 Pa. Super. 1, 631 A.2d 1025 (1993).

Rule 4011 authorizes the court to limit discovery that is sought in bad faith or designed to create unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party. Pa.R.C.P. 4011. See also, *Szarmack v. Welch*, 456 Pa. 293, 318 A.2d 707 (1974).

Pennsylvania law is well settled that discovery rules are to be interpreted liberally in favor of allowing discovery, and limitations on the scope of discovery are to be narrowly construed. *Id.* at 298, 318 A.2d at 709.

Finally, we note that the rule specifically states that the court is not to consider whether the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. Pa.R.C.P. 4003.1. See also, *Stenger v. Lehigh Valley Hospital Center,* 382 Pa. Super. 75, 554 A.2d 954 (1989).

## I.

In the instant case, we must first determine whether the plaintiffs are entitled to the requested information on other model booster seats manufactured by the defendant.

This case arose as the result of an accident that occurred when Brandy Hofstetter, a 23-pound, 15-month-old child, was involved in an automobile collision while seated in a Commander booster seat in the rear seat of a vehicle equipped with a two-point (lap belt only) vehicle restraint system. The complaint specifically alleges that the Commander booster seat was not crashworthy and that it was defectively designed because it did not provide safe and necessary upper and lower torso restraint. Plaintiffs also allege that the defendants marketed alternative child restraints that would have substantially restrained plaintiff's upper torso, thereby significantly reducing the forward displacement of plaintiff's head and spine.

Conversely, the defendants argue that the plaintiffs are not entitled to the requested information on other model child booster seats because the plaintiffs have failed to demonstrate that the other models are sub-

stantially similar to the Commander, and therefore the information requested is irrelevant. Specifically, the defendants allege that the Safe-T-Rider, CR-3 and the Breverra each vary widely from the Commander in a number of crucial characteristics.

For the purposes of illustration, the defendants allege that the Safe-T-Rider differs from the Commander in that it was manufactured for use in vehicles equipped with either a two-point (lap belt only) or three-point (combination lap and shoulder belt) vehicle restraint system. This booster seat had to be used in combination with a "body harness guard" to provide the proper upper body restraint. Because research revealed that over 85 percent of consumers misused this product, the Safe-T-Rider was discontinued in 1986.

The defendants next allege that the CR-3 is a completely different design developed to address the needs of an older/larger child within a specified weight range. The CR-3 was equipped with a removable sliding shield that was higher, wider and positioned at an angle distinct from the low shield design of the Commander.

Thirdly, the Breverra, manufactured in 1993, is a shieldless "high back" booster car seat that provides head and back support. The Breverra can be properly used with either the two-point or three-point restraint system, depending upon the weight of the child.

Thus, the defendants object to the relevancy of the designs of the other booster seats based upon the assertion that each seat was created to meet the needs of a particular consumer, are not interchangeable, and therefore do not provide any evidence of feasible alternative designs.

After careful consideration, we find that the nature and extent of these differences in design do not preclude plaintiff's right to the discovery of the requested in-

formation. In our view, the discovery sought here would foster the general objectives set forth in our procedural rules. The plaintiff is entitled to any matter, not privileged, if it appears reasonably calculated to lead to the discovery of admissible evidence. At issue is whether the defendant included in the design of the Commander every element necessary to make the product safe for its intended use or included a feature that rendered this booster seat unsafe. As the Supreme Court noted in *Azzarello v. Black Brothers Company Inc.,* 480 Pa. 547, 391 A.2d 1020 (1978): "the jury may find a defect where the product left the supplier's control lacking any element necessary to make it safe for its intended use *or* possessing any feature that renders it unsafe for its intended use." *Id.* at 559, 391 A.2d at 1027. (emphasis added)

Because we are persuaded that the information sought is relevant and may be pertinent to prove alternative design feasibility, and the defendant's knowledge of design-imposed risks, we find that the designs of the three other booster seats manufactured by the defendant are properly discoverable.

## II.

We next consider the plaintiff's request for all of the documents produced in nearly identical litigation brought in the State of Arizona titled *Hartmann v. Century Products, supra.*

The *Hartmann* case arose out of an accident that occurred on August 7, 1990. Jensen Hartmann, like the present plaintiff, was seated in a Century Commander, when the vehicle in which be was traveling was involved in a collision that resulted in paraplegia to Hartmann. Due to the similarities between the two cases, the plaintiff has specifically requested the dis-

covery information produced to the plaintiff in *Hartmann* on the Breverra, Safe-T-Rider and CR-3 models.

In light of this court's decision to allow plaintiff's request for discovery, thereby including the information relating to the design, manufacture, and test information for the defendant's Breverra, Safe-T-Rider and CR-3 booster seats, we find that compelling the defendant to additionally produce the *Hartmann* discovery will necessarily have a verifying result.

In attempting to secure the discovery produced in a separate case that overlaps or duplicates the discovery sought and allowed directly from the manufacturer in this case, what we are essentially allowing the plaintiff to do is to verify, from separate sources, similar materials and thereby assure, as much as possible, the completeness and the veracity of the information disclosed.

Pennsylvania law is well settled that exclusion of evidence which is irrelevant, confusing, misleading, cumulative or prejudicial is within the sound discretion of the trial court, and its decision, thereon, will not be disturbed in absence of clear abuse of discretion. *Concorde Investments Inc. v. Gallagher,* 345 Pa. Super. 49, 497 A.2d 637 (1985). Conversely, the court is granted the authority to allow the introduction of evidence not deemed irrelevant or cumulative. Thus, plaintiff's request for all of the documents produced in *Hartmann v. Century Products* is granted.

## ORDER

And now, to wit, April 14, 1998, it is hereby ordered that plaintiff's motion to compel discovery relating to the design, manufacture, and test information for the defendant's Safe-T-Rider, Breverra and CR-3 model booster seats is granted. The plaintiff's motion to compel discovery relating to *Hartmann v. Century Products,* 92-562-TUC-RMB, U.S. District Court, State of Arizona, is granted.