J-S44040-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| VINCENT PRENTISS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TRAVIS BASCAL THORNTON, | : | No. 1743 EDA 2025 |
| ADMINISTRATOR OF THE ESTATE OF | : | |
| STEPHANIE SHIELDS | : | |

Appeal from the Order Entered June 12, 2025
In the Court of Common Pleas of Pike County Civil Division at No(s):
2024-00304

BEFORE:  LAZARUS, P.J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:              **FILED APRIL 9, 2026**

Vincent Prentiss ("Prentiss") appeals from the order granting preliminary objections filed by Travis Bascal Thornton ("Thornton")[1] and dismissing Prentiss's complaint with prejudice.  Because Prentiss's claim on appeal is meritless, we affirm.

Because this appeal requires us to review the trial court's order granting Thornton's preliminary objections, we focus our attention on Prentiss's complaint and the facts alleged therein.

In April 2011, Prentiss and Shields negotiated an agreement with Romec, Inc. to purchase a parcel of land in Bushkill, Pennsylvania.  ***See***

_____

[1] Thornton is the administrator of the estate of Stephanie Shields ("Shields"), who passed away in September 2023.  ***See*** Complaint, 6/3/24, at ¶¶ 2, 4. Shields died intestate.  ***See*** Petition for Grant of Letters ("Exhibit A").

Complaint, 6/3/24, at ¶ 5. As alleged in the complaint, Prentiss and Shields decided the title should be in Shields's name because of Prentiss's poor credit score at the time. *See id*. at ¶ 6. As a result of this belief, "Shields agreed to hold title to the property in constructive trust for [Prentiss's] interest in the property as a joint tenant with rights of survivorship." *Id*. at ¶ 11. Prentiss alleges he spent over $248,300 towards the purchase price and mortgage payments on the property. *See id*. at ¶¶ 12-13; *see also* Prentiss's Brief at 8. Prentiss sought relief in the form of full ownership of the property. *See* Complaint, 6/3/24, at ¶ 19.

Prentiss produced no written evidence of any intent on the part of Shields to convey any interest in real property to him. All documents of record—except for a purchase order for construction—were solely in Shields's name. *See* Order, 1/13/25, at 2; Purchase Order ("Exhibit B").

Thornton filed preliminary objections in September 2024, alleging, in relevant part, that the Statute of Frauds barred Prentiss's cause of action. *See* Preliminary Objections, 9/20/24, unnumbered at *2. Prentiss filed an Answer in October 2024.

The trial court, "[accepting] these allegations as true[,]" found there was no constructive trust; rather, it was an express oral trust. *See* Order, 1/13/25, at 3. Thus, the trial court found Prentiss's claims were barred by the Statute of Frauds and struck the complaint. *See id*. at 4.

Prentiss was granted an extension of time to file an amended complaint. The amended complaint included an allegation that, because there was no oral

agreement for the sale or conveyance of property, the Statute of Frauds did not apply. *See* Amended Complaint, 2/27/25, at ¶ 20. Thornton filed preliminary objections to the amended complaint in March 2025, again alleging, in relevant part, that the Statute of Frauds barred Prentiss's cause of action. *See* Preliminary Objections to Amended Complaint, 3/4/25, unnumbered at *3.

The trial court again found that the oral agreement at issue was unenforceable pursuant to the Statute of Frauds and dismissed the action with prejudice. *See* Trial Court Opinion, 6/12/25, at 2-3.

Prentiss timely filed a Notice of Appeal and Pa.R.A.P. 1925(b) Statement and the trial court issued a statement adopting its earlier opinion.

Prentiss raises the following issue for our review:

1. Whether the trial court erred and abused its discretion in granting [Thornton's] preliminary objections and dismissing [Prentiss's] amended complaint based upon the Statute of Frauds since the Statute of Frauds did not bar [Prentiss's] claim based upon a theory of constructive trust?

Prentiss's Brief at 6 (unnecessary capitalization omitted).

Our standard of review of a trial court's grant of preliminary objections is *de novo* and the scope of review is plenary. *See Caltagirone v. Cephalon, Inc.*, 190 A.3d 596, 599 (Pa. Super. 2018). As to preliminary objections in the nature of a demurrer,

> our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the

appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Feingold v. Hendrzak*, 15 A.3d 937, 941 (Pa. Super. 2011) (citation omitted).

The Statute of Frauds provides:

From and after April 10, 1772, all leases, estates, interests of freehold or term of years, or any uncertain interest of, in, or out of any messuages, manors, lands, tenements or hereditaments, made or created by livery and seisin only, or by parol, and not put in writing, and signed by the parties so making or creating the same, or their agents, thereunto lawfully authorized by writing, shall have the force and effect of leases or estates at will only, and shall not, either in law or equity, be deemed or taken to have any other or greater force or effect, any consideration for making any such parol leases or estates, or any former law or usage to the contrary notwithstanding; except, nevertheless, all leases not exceeding the term of three years from the making thereof; and moreover, that no leases, estates or interests, either of freehold or terms of years, or any uncertain interest, of, in, to or out of any messuages, manors, lands, tenements or hereditaments, shall, at any time after the said April 10, 1772, be assigned, granted or surrendered, unless it be by deed or note, in writing, signed by the party so assigning, granting or surrendering the same, or their agents, thereto lawfully authorized by writing, or by act and operation of law.

33 P.S. § 1. In other words, pursuant to the Statute of Frauds, oral contracts to transfer an ownership interest in real property generally are not enforceable. *See Zuk v. Zuk*, 55 A.3d 102, 107 (Pa. Super. 2012).

Pennsylvania law specifically exempts trusts arising by "implication or construction of law" from the Statute of Frauds. *See Friday v. Friday*, 457 A.2d 91, 93 (Pa. Super. 1983). Thus, a constructive trust can be based upon oral evidence. *See id*. As this Court has held, a constructive trust can arise under two different circumstances. *See Kohr v. Kohr*, 413 A.2d 687, 690-91 (Pa. Super. 1979).

> [First,] a constructive trust arises if a transferee conveys property to another as a result of fraud, duress, undue influence or mistake, or . . . the transferee at the time of the transfer was in a confidential relation to the transferor . . . . The Restatement and Pennsylvania case law have imposed an additional requirement, to-wit, that the fraud, duress, undue influence or abuse of a confidential relationship must be accompanied by an actual promise by the transferee to hold the property in trust and a reliance upon that promise by the transferor.
>
> [Second, a] constructive trust may arise where a person holding title to property is subject to an equitable duty to convey it to another on the grounds that he would be unjustly enriched if he were permitted to retain it. [T]his theory does not require an express promise to hold property in trust. Rather, the imposition of a constructive trust is an equitable remedy designed to prevent unjust enrichment.

*Id*. (internal citations omitted).

Prentiss contends that "in this case, the imposition of a constructive trust is necessary to prevent unjust enrichment." Prentiss's Brief at 20. Prentiss concludes that "[g]iven [cited case law] and the purpose for the

- 5 -

imposition of a constructive trust, it cannot be said [Prentiss] could not recover under any theory of law." ***Id***. at 20. Fundamental to our review, Prentiss claims the trial court should have denied the preliminary objections and allowed the case to move forward based on the amended complaint ***as is***. ***See id***. Prentiss does not ask that we remand the case to allow for the filing of a second amended complaint. ***See id***.

The trial court, explaining its decision to dismiss the complaint with prejudice, stated, "[h]aving already granted [Prentiss] leave to file an amended complaint pleading, and said amendment producing no significant change, . . . affording further opportunity for amendment will be fruitless." Order, 6/12/25, at 2-3 (footnote omitted). The trial court noted that "by expressly relying on his previous memorandum of law, [Prentiss's] counsel seems to tacitly acknowledge that the [amended c]omplaint has not materially changed." ***Id***. at 3 n.2.

In its first order, the trial court clearly stated its reasons for sustaining the relevant preliminary objections, including that an oral agreement for the sale or conveyance of property is barred by the Statute of Frauds. ***See*** Order, 1/13/25, at 3.[2] In response, Prentiss, while including all allegations listed in

---

[2] The first order stated, in relevant part:

> Accepting these allegations as true reveals not a constructive trust, which is one implied by circumstances, but rather an express oral (or "parol") trust of exactly the kind that is barred by [the Statute of Frauds.] Performance or non-performance of the

*(Footnote Continued Next Page)*

his first complaint, amended the complaint to initially deny there was an oral agreement, which he characterized as a "decision;" deny that the agreement was to sell or convey property; and explain the agreement was to establish joint ownership with rights of survivorship without a deed. **See** Amended Complaint, 2/27/25, at ¶ 6. Prentiss concludes, because "there was **no oral agreement** for the **sale or conveyance** of the property, the constructive trust does not fall within the Statute of Frauds." **See id**. at ¶ 20 (emphasis added).[3]

We acknowledge that our standard of review considers all material facts set forth in Prentiss's complaint as true and all inferences reasonably deducible therefrom. **See Albert v. Erie Insurance Exchange**, 65 A.3d 923, 927 (Pa. Super. 2013) (citation omitted). Prentiss's complaint, accompanying

_____

> alleged oral trust agreement to, at some indeterminate future time, convey a survivorship interest to [Prentiss] would have been entirely at the option of . . . [Shields] during life, and [Prentiss] could not have compelled her to do so on the basis of the alleged agreement. [Accordingly,] Shields'[s] estate or its Administrator could [not] be similarly compelled.

> Further, this is not a case where the subject property was previously held by [Prentiss] and was for some reason conveyed to Shields alone, with the unspoken expectations that at some point the plaintiff would re-acquire an ownership interest. Based on the allegations in the Complaint, neither party ever had an ownership interest in the property prior to Shields acquiring sole ownership as "a single woman."

**See** Order, 6/13/25, at 3-4.

[3] Prentiss does not contest this was the only material change to his complaint.

memorandum, and brief are full of contradictory assertions and lack necessary explanations.  He has not connected his expenditures on the property to the extraordinary relief he seeks—full ownership of the property—for this Court to form any reasonable inference based on his Complaint.  ***See*** Amended Complaint, 2/27/25, at ¶ 19.  Furthermore, Prentiss has failed to explain how this "decision" differs from an agreement, while simultaneously not conveying an interest but falling under a category of ownership that conveys an interest at death.

Prentiss has failed to persuade us that, based on the law and facts pled in the amended complaint, the trial court committed an error of law by determining Prentiss would be unable to prove a constructive trust and dismissing the complaint with prejudice.  Prentiss's amended complaint fails to cure the defects in his original complaint and is based on mischaracterizations of fact and law.  ***See, e.g.***, ***Feingold v. Hill***, 521 A.2d 33, 39 (Pa. Super. 1987) (explaining the right to amend is not absolute, and such a right is properly withheld when "the complaint's defects are so substantial that amendment is not likely to cure them").  For example, Prentiss contends that, because the parties agreed to own the property as joint owners with rights of survivorship without the necessity of a deed, it was not an agreement to convey the property.  A joint tenancy with rights of survivorship requires joint tenants to "(1) acquire interests in the property of the same type, duration and amount, (2) acquire their title by the same instrument, (3) acquire interests that vest at the same time, and (4) possess an undivided

interest in the whole estate." ***Grant v. Grant***, 341 A.3d 685, 688 (Pa. 2025) (internal citations omitted). Pursuant to the facts alleged by Prentiss, no joint tenancy with rights of survivorship was ever formed. ***See id***. Thus, the agreement conveyed Shields's interest to Prentiss at death—meaning that it was, in fact, an ***agreement*** to ***convey property***.[4]

Moreover, Prentiss's brief fails to set forth any additional facts which support a constructive trust theory. While he asserts unjust enrichment for the first time in his appellate brief, he does not state any new facts or point to the record for support. ***Feingold***, 15 A.3d at 39 (upholding trial court's denial of leave to amend and dismissal with prejudice when granting an opportunity to amend would be fruitless and the appellate brief failed to demonstrate an ability to cure the complaint's deficiency). Instead, he argues that the amended complaint, as is, was sufficient to move forward with the trial. ***See*** Prentiss's Brief at 20. The amended complaint, like the original complaint, was defective, and Prentiss did not cure those defects when given the opportunity. ***See Wiernik v. PHH U.S. Mortg. Corp.***, 736 A.2d 616, 624 (Pa. Super. 1999) (explaining a complaint is properly dismissed without allowance for amendment where leave to amend would be fruitless). Thus,

_____

[4] Additionally, a party cannot agree to hold title in constructive trust because constructive trusts are a legal equitable remedy. ***See Linn v. Perrotti***, 308 A.3d 885, 889 (Pa. Super. 2024) (internal citations omitted) (explaining constructive trusts are "not really a trust at all[;]" they are "an equitable remedy.").

the trial court properly used its discretion and dismissed the complaint with prejudice.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/9/2026