619 A.2d 356

**In the Interest of Russell GARTHWAITE.**

**Appeal of Enrico INGROSSO.**

Superior Court of Pennsylvania.

Argued Sept. 23, 1992.

Filed Jan. 20, 1993.

Louis J. Fanti, West Chester, for appellant.

Before WIEAND, FORD ELLIOTT and HOFFMAN, JJ.

WIEAND, Judge:

The issue in this appeal is whether the male friend of a child's natural mother has standing to appeal from an adjudication of dependency and an award of the child's custody to the natural father. After careful review, we conclude that the boyfriend lacks standing to appeal.

Russell Garthwaite, almost four (4) years of age at the time of the hearing, is the son of Cynthia and Rian Garthwaite. After Cynthia and Rian separated, Russell lived with his mother. Cynthia then began dating Enrico Ingrosso, who thereafter spent much of his time with Cynthia in her home. On January 6, 1991, Children and Youth Services of Chester County (CYS) learned that Russell had been taken to the emergency room of the Chester County Hospital. An examination revealed that Russell had suffered a fractured skull, twelve (12) rib fractures, internal bleeding and a pelvic injury. Also observed were a second degree burn of the right hand and multiple bruises of the torso and extremities. CYS sought and was awarded temporary custody of Russell. After a subsequent hearing, the trial court made a finding of dependency because of the abuse which Russell had sustained and awarded custody of Russell to his father. From this order Ingrosso appealed. Significantly, Cynthia Garthwaite did not join the appeal.

The basis for Ingrosso's appeal is a finding by the trial court that "Cynthia Garthwaite and Enrico Ingrosso are the perpetrators of the physical abuse...." In its subsequent opinion, however, the court conceded that it had been unable to determine whether Ingrosso had personally inflicted physical abuse on Russell but had determined that Ingrosso and Cynthia, to whom Russell's care had been entrusted, were responsible for the boy's injuries.[1]

A party seeking judicial resolution of a controversy must, as a prerequisite, establish that he has standing, or a stake, in maintaining the action. See: *Nye v. Erie Ins. Exch.*, 504 Pa. 3, 5, 470 A.2d 98, 100 (1983); *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 192, 346 A.2d 269, 280 (1975); *American Booksellers Ass'n, Inc. v. Rendell*, 332 Pa.Super. 537, 553, 481 A.2d 919, 927 (1984). Standing

---

1. A report filed by CYS implicating Ingrosso in Russell's abuse has been given "indicated" status, which means that while CYS has determined that evidence of abuse by Ingrosso exists, no formal adjudication thereof has been made. See: 23 Pa.C.S. § 6303; 55 Pa.Code § 3490.4.

has been explained by the Pennsylvania Supreme Court as follows:

> The question of standing is rooted in the notion that for a party to maintain a challenge to an official order or action, he must be aggrieved in that his rights have been invaded or infringed. This principle was thoroughly considered in *Wm. Penn Parking Garage v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975) where this court confirmed that to have standing, a party must (a) have a substantial interest in the subject-matter of the litigation; (b) the interest must be direct; and (c) the interest must be immediate and not a remote consequence.

> A "substantial" interest is an interest in the outcome of the litigation which surpasses the common interest of all citizens in procuring obedience to the law. *Wm. Penn Parking Garage, Inc., supra*, 464 at 192, 346 A.2d at 282. A "direct" interest requires a showing that the matter complained of caused harm to the party's interest. *Upper Bucks County Vocational–Technical School Education Ass'n v. Upper Bucks County Vocational Technical School Joint Comm.*, 504 Pa. 418, 422, 474 A.2d 1120, 1122 (1984). An "immediate" interest involves the nature of the causal connection between the action complained of and the injury to the party challenging it, *Wm. Penn Parking Garage, Inc., supra*, 464 Pa. at 197, 346 A.2d at 283, and is shown where the interest the party seeks to protect is within the zone of interests sought to be protected by the statute or constitutional guarantee in question. *Upper Bucks County Vocational–Technical School Education Ass'n, supra*, 504 Pa. at 423, 474 A.2d at 1122.

*South Whitehall Township Police Serv. v. South Whitehall Township*, 521 Pa. 82, 86–87, 555 A.2d 793, 795 (1989), quoting *Franklin Township v. Commonwealth, Dep't of Envtl. Resources*, 500 Pa. 1, 4, 452 A.2d 718, 719 (1982).

The Juvenile Act, 42 Pa.C.S. §§ 6301 et seq., focuses on the well-being of children. Dependency proceedings concern themselves with the correction of situations in which children are lacking proper parental care or control. See: 42

Pa.C.S. § 6302. In general, the responsibility for such care is vested in parents, guardians and custodians.[2] When proper care and control is lacking, a child may be removed from a parent, guardian or custodian. This constitutes a serious intrusion into the relationship between the child and the parent, guardian or custodian. See: *In re Black,* 273 Pa.Super. 536; 544, 417 A.2d 1178, 1182 (1980). Therefore, the parties involved in such adult-child relationship have a right of appeal from a court's order terminating or intruding upon such relationship. Where a parent, guardian or custodian chooses not to exercise the right of appeal, however, it cannot be exercised for the adult by another. Such other person does not have an interest in the subject matter of the litigation.

■ In the instant case, Ingrosso has no special status with respect to his girlfriend's son. He is not a parent, guardian or custodian to Russell, and, therefore, he has no interest in Russell's custody which entitles him to appeal from the trial court's award thereof. Any effect which the trial court's order may have upon Ingrosso is collateral and remote. Because he was not a party to the dependency proceeding and because his interest in the court's determination thereof is remote and not immediate, Ingrosso can have no standing to appeal from the court's adjudication of Russell as a dependent child. See: *South Whitehall Township Police Serv. v. South Whitehall Township, supra* at 86–87, 555 A.2d at 795; *Upper Bucks County Vocational–Technical School Educ. Ass'n v. Upper Bucks County Vocational–Technical School Joint Comm.,* 504 Pa. 418, 423, 474 A.2d 1120, 1122–1123 (1984).

■ As Ingrosso was not a party to the dependency proceedings and because his interests were not represented therein, the court's adjudication bears no collateral consequences for him. See: *Banker v. Valley Forge Ins. Co.,* 401 Pa.Super. 367, 376, 585 A.2d 504, 509 (for collateral estoppel to

---

**2.** The Juvenile Act defines "custodian" thusly:

"**Custodian.**" A person other than a parent or legal guardian, who stands in loco parentis to the child, or a person to whom legal custody of the child has been given by order of a court.

42 Pa.C.S. § 6302.

apply, the party against whom the doctrine is asserted, or his privy, must have had a full and fair opportunity to litigate the issue in the prior proceeding), *allocatur denied,* 529 Pa. 615, 600 A.2d 532 (1991); *McCullough v. Xerox Corp.,* 399 Pa.Super. 135, 143, 581 A.2d 961, 965–966 (1990) (the same), *allocatur denied,* 527 Pa. 624, 592 A.2d 45 (1991). Moreover, if Ingrosso feels that CYS has wrongly implicated him in the acts of abuse committed against Russell, he may request expungement of such information from state and local records under the Child Protective Services Law. See: 23 Pa.C.S. § 6341. If his request is decided adversely, he has a right of appeal therefrom. However, he does not have standing to appeal from the order of the court adjudicating Russell a dependent child and awarding custody to his father. Ingrosso's appeal, therefore, will be dismissed.

Appeal dismissed.