636 A.2d 198

**In re M.K. Born: 4/8/77, C.H. Born: 8/18/78, M.K. Born: 5/18/83, Minor Children.**

**Appeal of Harry NICKLOW, Jr.**

Superior Court of Pennsylvania.

Argued Oct. 5, 1993.

Filed Jan. 5, 1994.

Petition for Allowance of Appeal Denied May 10, 1994.*

---

* See No. 127 Judicial Administration Docket No. 1.

Kathleen T. O'Boyle, Greensburg, for appellant.

John M. Casario, Jeannette, for Westmoreland County Children's Bureau, participating party.

Before CAVANAUGH, KELLY and BROSKY, JJ.

CAVANAUGH, Judge:

Harry Nicklow, Jr. appeals from the order of the Court of Common Pleas of Westmoreland County which, *inter alia,* adjudicated the minor child C.H. dependent, issued a finding that she had been sexually abused and named Nicklow, the paramour of the child's mother, the perpetrator of this abuse. We affirm.

The Westmoreland County Children's Bureau ("Children's Bureau") filed a petition, on or about June 24, 1992, alleging that Nicklow had been sexually abusing C.H. on an ongoing basis for the past year and a half and that the child's natural mother was aware of this abuse and did not take appropriate action to safeguard her thirteen year old daughter. The petition further alleged that all three of the mother's minor

children, M.K., C.H. and M.K., were without the proper parental care or control or other care or control necessary for their physical, mental or emotional health or morals. The court ordered a hearing and testimony was subsequently taken on six separate days from mid-July through mid-October. All interested parties were given the opportunity to testify.[1] On October 26, 1992, the court entered an order which, *inter alia*, adjudicated the three minor children dependent based on the finding that they were without the proper parental care and control necessary for their physical, mental and emotional health and morals and that C.H. was further dependent based on the finding that she had been sexually abused by her mother's paramour, Harry Nicklow. Following this adjudication, Nicklow filed this appeal.

Before we may turn our attention to the issues raised in this appeal, we must first determine whether a natural mother's paramour has standing to appeal an order adjudicating her child dependent, when this adjudication is based upon the trial court's finding that the paramour sexually abused the child. Recently, in the case of *In the Interest of Garthwaite*, 422 Pa.Super. 280, 619 A.2d 356 (1993), we held that the boyfriend of a child's natural mother lacks standing to appeal an adjudication of that child's dependency. The facts of *Garthwaite*, however, are distinguishable from those of the case at bar. In *Garthwaite*, we reasoned that a live-in boyfriend lacked standing because his interest in the trial court's determination was remote and not immediate; the boyfriend was not the parent, guardian or custodian of the minor child, he was not a party to the dependency proceeding and his interests were not represented therein.[2] *Garthwaite, supra* at

1. At the time Nicklow was called to testify, criminal charges stemming from the alleged sexual abuse of C.H. were pending against him. Nicklow took the stand but refused to testify, invoking his rights under the Fifth Amendment to the Constitution of the United States. We note that Nicklow was represented by counsel at this proceeding.

2. With respect to standing, our supreme court has explained:
 [T]o have standing, a party must: (a) have a substantial interest in the subject-matter of the litigation; (b) the interest must be direct; and (c) the interest must be immediate and not a remote consequence.

284–85, 619 A.2d at 358. We view with significance, that in *Garthwaite:* (1) no formal adjudication was made that the mother's boyfriend was guilty of abusing the child;[3] and (2) the trial court's adjudication had no direct consequences to the mother's boyfriend.[4] *Garthwaite, supra* at 282–84, 619 A.2d at 357–58.

Here, the trial court made a direct finding of appellant's complicity in the acts of sexual abuse. Appellant was also a de facto subject of the trial court's order as the trial court's adjudication directly affected his rights by court order. Specifically, the court ordered that appellant was to have no contact with the children until he fully completed a program of the "Perpetrator's Group" and that the Children's Bureau was to arrange for him to have drug and alcohol counseling. These directives implicitly require appellant to undergo rehabilitation and they are presumably enforceable by sanctions. Furthermore, we believe it significant, although not dispositive of the question of standing, that appellant has been in a long term relationship with the mother in that he has been living with the mother and her three minor children for a period in excess of six years. Under these circumstances, appellant has a substantial, direct and immediate interest in the outcome of

> A "substantial" interest is an interest in the outcome of the litigation which surpasses the common interest of all citizens in procuring obedience to the law. A "direct" interest requires a showing that the matter complained of caused harm to the party's interest. An "immediate" interest involves the nature of the causal connection between the action complained of and the injury to the party challenging it, and is shown where the interest the party seeks to protect is within the zone of interests sought to be protected by the statute or constitutional guarantee in question.
>
> *Garthwaite, supra* at 283, 619 A.2d at 357–58; *quoting South Whitehall Township Police Serv. v. South Whitehall Township,* 521 Pa. 82, 86–87, 555 A.2d 793, 795 (1989) (citations omitted).

3. Although the trial court found that the mother and boyfriend were the perpetrators of the physical abuse, the court conceded in its subsequent opinion that it had been unable to determine whether the boyfriend had inflicted physical abuse on the child.

4. It appears that the mother's boyfriend did not have the opportunity to litigate the issue of abuse before the trial court and that the trial court's order did not invade nor infringe upon his rights.

this case. *See note 2, supra.* Therefore, we conclude that he has standing to bring this appeal.

Three issues have been raised by appellant for our consideration:

(1) Whether the Lower Court's capricious disregard of credible evidence which clearly demonstrated the alleged victim's motivation to fabricate claims of sexual abuse against Appellant constitutes an abuse of discretion?

(2) Whether the Lower Court committed an error of law and/or abused its discretion in allowing the hearsay statements of the alleged victim to come in as substantive evidence through the testimony of the alleged victim's psychologist?

(3) Whether the Lower Court committed an error of law and/or abused its discretion in prohibiting Appellant's inquiry into the alleged victim's bias against Appellant and an independent basis for her knowledge of sexual terms and sexual acts?

■ With respect to his first issue, appellant argues that the trial court ignored the testimony of Adra Shrader, a teenage friend of the alleged victim. He maintains that her testimony was highly credible and that it demonstrated the alleged victim's strong motivation to fabricate claims of sexual abuse against him. Appellant points out that the trial court did not mention this witness' testimony in its opinion and thereby concludes that the trial court ignored it entirely. We cannot agree.

With respect to our scope of review in dependency cases, we have stated:

The standard of review which this Court employs in dependency cases is broad. However, the scope of our review is limited in a fundamental manner by our inability to nullify the fact-finding of the lower court. We accord great weight to this function of the hearing judge because he is in the position to observe and rule upon the credibility of the witnesses and the parties who appear before him. Relying

on this unique posture, we will not overrule his findings if they are supported by competent evidence.

*In re Frank W.D.*, 315 Pa.Super. 510, 517, 462 A.2d 708, 711 (1983).

Here, the substance of the testimony which appellant highlights to establish a strong motivation to fabricate, consists of Adra Shrader's testimony that C.H. said she hated appellant because he was too strict, that she wanted to get revenge on appellant and that she wanted to stay with her natural father because he was less strict than appellant. Appellant also highlights the fact that this witness was herself a victim of sexual abuse and that she confided in C.H. the details of this abuse.

The mere fact that Adra Shrader's testimony was not mentioned in the trial court's opinion does not mean that it was not considered by the trial court. C.H. testified that appellant had sexually abused her numerous times over a period of approximately one year. The testimony of Adra Shrader does not directly contradict this testimony. It simply provides a basis from which the trial court may draw an inference that C.H. fabricated her claims of sexual abuse. The trial court specifically stated in its opinion that it found C.H.'s testimony to be credible. Implicit in this finding is a rejection of appellant's claims of fabrication. The trial court found that C.H. had been sexually abused by appellant and this finding is supported by the record. We will not overrule the findings of the trial court if they are supported by competent evidence. *See Frank W.D., supra.* As such, appellant's first issue is without merit.[5]

Appellant's second issue concerns the testimony of a psychologist who spoke to C.H. regarding her allegations of

---

**5.** We note that the only authority cited by appellant with respect to this issue, *Beneshunas v. Independence Life & Acc. Ins.*, 354 Pa.Super. 391, 512 A.2d 6 (1986), is completely inapposite. In *Beneshunas*, we held that the trial court abused its discretion when it failed to reopen the case for further testimony, where this testimony would be taken in the interest of a more accurate adjudication. Here, the testimony of the witness in question *was* admitted. Thus, *Beneshunas* does not even remotely support appellant's position.

sexual abuse. The psychologist's testimony contained statements by C.H. which described the acts of sexual abuse allegedly perpetrated by appellant. It is appellant's position that the trial court either committed an error of law or abused its discretion in admitting these statements through the testimony of the psychologist because they are inadmissible hearsay.

In allowing the psychologist to testify about the statements made by C.H., the trial court relied on a statutory exception to the hearsay rule, codified at 42 Pa.C.S.A. § 5986. This section reads:

A statement made by a child describing acts and attempted acts of indecent contact, sexual intercourse or deviate sexual intercourse performed with or on the child by another, not otherwise admissible by statute or court ruling, is admissible evidence in a dependency proceeding initiated under Chapter 63 (relating to juvenile matters), involving that child or other members of that child's family, if a court finds that the time, content and circumstances of this statement provide sufficient indicia of reliability.

*Id.*

Appellant initially contends that this exception is not applicable in this case. He proffers two arguments in support of his position. First, he argues that the exception is only applicable when the actual appearance of the victim as a witness would cause trauma to the child, that there has been no finding of trauma in this case and therefore the hearsay statements of the child should not have been admitted. To support his contention, appellant relies on *In the Interest of Tina K.*, 390 Pa.Super. 94, 568 A.2d 210 (1989). This case, however, does not support appellant's position. In *Tina K.*, we held, that with respect to the applicability of § 5986, a showing of trauma was required only when the child does not testify. *Id.* Here, C.H. testified. Thus, a finding of trauma was not necessary. Appellant's argument is meritless.

Appellant's second argument is that the exception only applies to cases which involve expungement proceedings

where the victim is very young. He points out that the proceedings in this case involved dependency and that C.H. was thirteen years old when she testified. Therefore, appellant contends, C.H.'s statements should not have been admitted through the testimony of the psychologist. Appellant's assertion is incorrect.

The plain language of § 5986 unequivocally states that the hearsay statements of a child victim are "admissible evidence in a dependency proceeding." *See Freeze v. Donegal Mut. Ins. Co.*, 412 Pa.Super. 305, 312, 603 A.2d 595, 598 (1992) (when construing a statute, a court must follow the letter of the statute if its words are unambiguous). Furthermore, while the exception has been applied in expungement proceedings, it has been applied in dependency proceedings as well. *See Tina K., supra; In re A.M.*, 365 Pa.Super. 516, 530 A.2d 430 (1987) (hearsay statements of child were properly admitted under 42 Pa.C.S.A. § 5986 in proceeding to determine dependency).

With respect to appellant's contention that the exception only applies to very young children, appellant has cited no authority, and we are aware of none, which limits the exception to cases where the victim is very young. *See generally In re A.M., supra* (foster mother allowed to testify about statements of sexual abuse made to her by both eight year old child and eleven year old child).[6]

 Next, appellant contends that even if the exception is applicable in this case, the trial court committed a clear error of law by allowing the psychologist to testify about the acts of abuse described to him by C.H., prior to C.H. herself testifying about the acts of abuse. Appellant, however, has failed to point to any authority which supports his argument. "As a

---

6. We note that the only case cited by appellant, to support his assertion that the exception only applies to expungement cases where the child is very young, is *A.Y. v. Dept. of Public Welfare*, 136 Pa.Cmwlth. 451, 583 A.2d 515 (1990) *alloc. granted* 527 Pa. 594, 588 A.2d 915 (1991). This case does not support appellant's contention. Although *A.Y.* was an expungement case and the victim was three years old, there is no indication that the application of the exception is limited to these circumstances.

general rule, the order in which evidence is received is vested in the sound discretion of the trial judge, whose exercise thereof will not be disturbed in the absence of a manifest abuse." *Commonwealth v. Jones,* 314 Pa.Super. 515, 523, 461 A.2d 276, 280 (1983) (citations omitted). In this case, the trial court allowed the psychologist to testify prior to C.H. because of time constraints on the court and the conflicting schedule of the psychologist. Under these circumstances, we cannot conclude that the trial court abused its discretion. As such, appellant's second issue is meritless.

Appellant's final issue is an assertion that the trial court either committed an error of law or abused its discretion when it prohibited appellant from inquiring into C.H.'s sexual activities and experiences. Specifically, appellant argues that he should have been allowed to inquire into this area in order to establish an independent basis for C.H.'s knowledge of sexual terms and sexual acts. He also contends that by not allowing him to inquire into C.H.'s sexual experiences with her boyfriend, the trial court significantly impeded his ability to establish the victim's motivation to fabricate her claims of sexual abuse.

"It is well settled that questions concerning the admission or exclusion of evidence are within the sound discretion of the trial court and will be reversed on appeal only where a clear abuse of that discretion exists." *Walasavage v. Marinelli,* 334 Pa.Super. 396, 411, 483 A.2d 509, 516 (1984) (citation omitted). "The court may exclude evidence that is irrelevant, confusing, misleading, cumulative or prejudicial." *Concorde Investments, Inc. v. Gallagher,* 345 Pa.Super. 49, 56, 497 A.2d 637, 641 (1985) (citations omitted).

The trial court based its decision not to allow appellant to question C.H. about her past sexual experience on two alternate and independent legal theories. First, the trial court applied the Rape Shield Law ("RSL"),[7] reasoning that,

7. The RSL is codified at 18 Pa.C.S.A. § 3104(a). It reads:

(a) **General rule.**—Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's

although applicable in criminal proceedings, the theory upon which it is based appears to apply in circumstances such as those present in this case. Application of the RSL, however, has not been extended to dependency cases. The scope of the RSL's application is limited to criminal prosecutions relating to sexual offenses.[8] We doubt the RSL's direct relevance in this case as it is not a criminal proceeding and because C.H.'s boyfriend has not been a party to this dependency proceeding.

The second theory relied on by the trial court was that inquiry into the victim's sexual activity was not relevant to the issue of whether appellant sexually abused the minor child. We agree. "Evidence is relevant if it logically or reasonably tends to prove or disprove a material fact in issue, tends to make such a fact more or less probable, or affords the basis for or supports a reasonable inference or presumption regarding the existence of a material fact." *Commonwealth v. Davis*, 381 Pa.Super. 483, 491, 554 A.2d 104, 108 (1989). In terms of general relevance, the victim's relationship with a third party simply does not tend to prove or disprove the allegation that she was sexually abused by appellant. As such, we find no abuse of discretion in excluding inquiry into C.H.'s past sexual activities and experiences; appellant's argument is meritless.[9]

> past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

8. *See* 18 Pa.C.S.A. § 3104(a), *supra;* 18 Pa.C.S.A. § 3101 et seq. (relating to sexual offenses).

9. Appellant's final contention is that the trial court's refusal to allow him to inquire into C.H.'s sexual activities significantly impeded his ability to establish her bias against him and prevented him from establishing her motivation to fabricate. However, our review of the record indicates that C.H. was questioned about her relationship with appellant and her feelings toward him. Additionally, several other witnesses testified as to the relationship between C.H. and appellant. As such, we cannot agree with appellant that his attempts to show bias were significantly impeded. To the contrary, we find that appellant had ample opportunity to attempt to establish the bias of the victim.

Having found all of the issues raised by appellant to be without merit, the order of the trial court is affirmed.

Order affirmed.