*633
 
 CAVANAUGH, Judge:
 

 William Pierson appeals from the order of the court of Common Pleas of Westmoreland County which, on December 30, 1993, adjudicated the minor children C.L. and P.G. dependent. The adjudication resulted from findings that the children were without proper parental care and upon a finding of sexual abuse by appellant who is the paramour of C.P., the natural mother of both children. C.P. has not appealed the findings of dependency. Upon review of appellant’s claims, the record, the relevant authority and the comprehensive and well-reasoned opinion of the trial judge, we affirm.
 

 Appellant raises three issues before this court: whether the trial court’s finding that P.G. was competent to testify was an abuse of discretion; whether the court abused its discretion by admitting evidence of appellant’s prior criminal conviction; and whether the court’s finding of sexual abuse was supported by clear and convincing evidence.
 

 Before we address these three stated issues, we must determine of whether appellant, who is neither the parent or step-parent nor the legal guardian or custodian of either of the children has standing to bring this appeal. This issue is determined by our holding in
 
 In re M.K.,
 
 431 Pa.Super. 198, 636 A.2d 198 (1994). In
 
 In re M.K.
 
 this court was called upon to determine whether the natural mother’s paramour had standing to appeal her child’s dependency adjudication when the adjudication was based on the finding that the paramour sexually abused the child. We stated that since the trial court made a direct finding of appellant’s complicity in the sexual abuse, since the court ordered that appellant have no contact with the children, and since the court’s directives implicitly required appellant to undergo rehabilitation he had a “substantial, direct and immediate interest in the outcome of the case.”
 
 Id.
 
 at 201, 636 A.2d at 200.
 

 In the matter before us today appellant William Pierson was present and represented by counsel at the dependency hearing which resulted in the adjudication now at issue. The trial court specifically based its finding of dependency on the sexual
 
 *634
 
 abuse by appellant and ordered him to have no contact with the children as a result. Clearly, the holding of
 
 In re M.K.
 
 applies and appellant is properly before this court.
 

 We turn now to the issues raised on appeal. Appellant first claims that the trial court abused its discretion when it found that the minor child P.G. was competent to testify in the dependency hearing.
 

 P.G. is C.P.’s natural child. At the time of the dependency hearing he was 13 years old. Appellant claims that P.G. did not have a consciousness of the duty to speak the truth and did not show an understanding of the word “oath” or an understanding of the seriousness of the courtroom proceedings.
 

 The law in this Commonwealth is that the court must conduct a “searching judicial inquiry” into a potential witness’s mental capacity if the proposed witness is under fourteen years old.
 
 Commonwealth v. Anderson,
 
 381 Pa.Super 1, 8, 552 A.2d 1064, 1068 (1988),
 
 alloc. denied,
 
 524 Pa. 616, 571 A.2d 379 (1989). The competency investigation is to determine if the proposed witness has the: “(1) capacity to observe or perceive the occurrence with a substantial degree of accuracy; (2) ability to remember the event which was observed or perceived; (3) ability to understand questions and to communicate intelligent answers about the occurrence, and (4) consciousness of the duty to speak the truth.”
 
 Id.
 
 quoting
 
 Commonwealth v. Fultz,
 
 316 Pa.Super 260, 267, 462 A.2d 1340, 1343 (1983). However, “[bjecause a trial judge has a superior opportunity to assess the competency of a witness, an appellate court should virtually never reverse a competency ruling. (Citation omitted.) Thus, the determination of a witness’s competency to testify will not be disturbed on appeal absent a clear abuse of discretion.”
 
 Anderson,
 
 381 Pa.Super. at 6, 552 A.2d at 1067. We see no abuse in discretion in the trial judge’s finding P.G. competent to testify.
 

 P.G., who testified in camera, was subject to the required “searching judicial inquiry” of his mental capacity. During the testimony, P.G. testified that it was: “Good to tell
 
 *635
 
 the truth. If you don’t tell the truth you’re lying.” P.G. further testified that “[yjou’ll get nowhere if you don’t tell the truth. You don’t get nowhere if you don’t tell the truth,” and that he understood the importance of telling the truth. P.G. did however, display some confusion over what it meant to be “under oath” and the purpose of his testimony.
 

 The lower court, in its opinion, indicated that it carefully reviewed P.G.’s testimony and was convinced that he answered truthfully and that he understood the questions and answers put to him, specifically those having to do with the alleged sexual abuse. The court further stated that its competency ruling was based not only on P.G.’s answers at voir dire but also because of its observations of P.G.’s “demeanor and sincerity”. Upon review of this record we find no abuse of discretion in the court’s determination that P.G. was competent to testify.
 

 Appellant next argues that it was error for the trial court to admit into evidence appellant’s prior criminal record.
 

 In 1983 appellant was convicted of involuntary deviate sexual intercourse with a six year old child. This information was admitted into evidence during the dependency proceedings. Appellant claims that the prior conviction was not relevant in this case, a civil proceeding where appellant’s character was not in issue.
 

 “The decision to admit evidence of prior bad acts is committed to the discretion of the trial judge and will not be reversed on appeal absent an abuse of discretion.”
 
 Commonwealth v. Melson,
 
 432 Pa.Super. 1, 637 A.2d 633, 642 (1994). Generally, evidence of other crimes “is not admissible to show the accused’s bad character and his inclination to engage in criminal activity”, it may, however, be admissible “in certain special circumstances where it is relevant for some other legitimate reason.”
 
 Commonwealth v. Telford,
 
 523 Pa. 305, 329, 567 A.2d 610, 621 (1989).
 

 We first note that appellant was not an “accused” in this proceeding. The appeal comes from the decision entered in a dependency adjudication. As stated by the lower court in
 
 *636
 
 its opinion, the issue before it was whether or not the two children should be adjudicated dependent as a result of being sexually abused by the appellant, the childrens’ mother’s paramour, and whether the children were dependent as being without proper parental care and control. The lower court stated that Mr. Pierson’s criminal record reflected upon the dependency of the children in that their mother had knowledge of appellant’s guilty plea to sexually abusing his stepson and of the condition of his probation that he not be alone with minors. The evidence of the mother’s knowledge of this information, and her testimony that she did nothing to guard against a possible sexual abuse situation reflected upon the childrens’ dependency. We agree with the trial court that the disclosure of appellant’s criminal record was necessary for its determination of the dependency of the children. 42 Pa.C.S.A. § 6341(d) states that in a dependency hearing “all evidence helpful in determining the questions presented ... may be received by the court and relied upon to the extent of its probative value even though not otherwise competent in the hearing on the petition.” We find that the information was relevant for this legitimate reason and find no abuse of discretion in its admittance.
 

 Appellant’s last claim on appeal is that the court’s finding that C.L. and P.G. were sexually abused was not supported by clear and convincing evidence. Specifically, appellant claims that P.G. was an incompetent witness and that C.L.’s testimony was not convincing in that his complaint of abuse was stale as it was made one year after the alleged incident.
 

 “A finding of dependency must be based on clear and convincing evidence.”
 
 In the Matter of B.R.,
 
 408 Pa.Super 345, 351, 596 A.2d 1120, 1123 (1991). “While our standard of review in dependency cases is generally quite broad, we must defer to the fact finding of the hearing judge who had the opportunity to observe and rule upon the credibility of the witnesses and parties who appeared.”
 
 In re S,M.,
 
 418 Pa.Super. 359, 362, 614 A.2d 312, 313 (1992). We have already determined that P.G. was competent to testify and that his testimony was correctly admitted. Along with this was the
 
 *637
 
 testimony of C.L. who also testified as to sexual abuse on the part of the appellant. The court below extensively discussed the reasons for its decisions in its opinion. That court based its findings on the testimony of C.L. and P.G. which it found clear, credible and unrefuted. The court below believed the testimony of the children. The trial court found that the minor children had been sexually abused by the appellant. This finding was amply supported by competent evidence in the record. “We will not overrule the findings of the trial court if they are supported by competent evidence.”
 
 In re M.K., supra,
 
 636 A.2d at 201. Accordingly, appellant cannot prevail on this claim.
 

 We have reviewed all of the issues raised by the appellant and found them to be without merit. The lower court’s order adjudicating the minor children C.L. and P.G. dependent is affirmed.
 

 Order affirmed.