In re: T.T. Dob: 4/13/1989.

Appeal of: J.M.

In re: T.T. 4/13/1989.

Appeal of: J.M.

Superior Court of Pennsylvania.

Submitted Oct. 23, 2003.
Filed Feb. 4, 2004.

Preston T. Younkins, Kittanning, for appellant.

Paula C. LaStrapes, Kittanning, for T.T., appellee.

Robert Petrosky, Kittanning, for C.M., appellee.

Alberta R. Beardsley, Kittanning, for T.S., appellee.

James A. Favero, Kittanning, for Armstrong County CYS, appellee.

Before: STEVENS, LALLY–GREEN and MONTEMURO *, JJ.

MONTEMURO, J.

¶ 1 This is an appeal from an order denying Appellant's requests that the court's dependency adjudication of his step-daughter, T.T., be set aside. The same order granted Appellant's simultaneous request that the founded report of child abuse against him be vacated. Appellant also challenges the goal change order placing T.T. for adoption. These decisions were handed down in the context of a dependency action to determine whether Cassie Mills, the child's mother

and Appellant's wife, had provided proper care of her daughter.

¶ 2 Appellant has been married to the child's mother since 1990. In July of 2001, the child's aunt reported to police that Appellant had made sexual advances toward T.T. The child was taken into protective custody by Armstrong County Children and Youth Services (CYS) which brought the dependency petition based on lack of parental care and control, and later amended the petition to include allegations of sexual abuse.

¶ 3 After hearings, T.T. was adjudicated dependent on the basis of the finding that she had been sexually abused; her custody was transferred to CYS on January 8, 2002. No appeal was taken from the dispositional order. Rather, 10 months later, on October 9, 2002, Appellant moved to intervene. After a hearing, intervention was granted in January of 2003 and counsel was appointed. Thereafter, Appellant moved to vacate and set aside the court's prior orders,[1] that is, the adjudication and disposition. After argument, Appellant's motions were granted to the extent that the decision terming the abuse by Appellant to be founded was vacated on the basis that he had not first been made a party to the proceedings. After a further hearing on April 21, 2003, T.T.'s permanency placement goal was altered from reunification to adoption after it became clear that the child's mother continued to demonstrate an unshakable disbelief that Appellant had perpetrated the abuse underlying the original removal of T.T. from her home. This appeal followed.

¶ 4 Appellant presents this Court with two issues. First he argues that having had his standing to intervene recognized,

* Retired Justice assigned to Superior Court.

1. Appellant filed motions of this nature both *pro se* after counsel was appointed, and again later through counsel.

he should have been made a party to proceedings from the beginning, and, because this was not done, the dependency finding and dispositional decision should be vacated and set aside. He also advances the argument in a one sentence paragraph, that because the dependency finding was erroneous, the goal change was prematurely entered.

■ ¶ 5 Before reviewing either of these matters, we must decide whether Appellant's claim is properly before us. We conclude that it is not. First and foremost, we note that the trial court is without jurisdiction to modify or rescind its order beyond the 30 day limitation set by 42 Pa.C.S.A. § 5505. *See Freidenbloom v. Weyant*, 814 A.2d 1253 (Pa.Super.2003).

■ ¶ 6 Even were this not the case, other considerations would guide us to the same result. Although the trial court found, and we agree, that Appellant has standing to intervene in this matter, *see In re M.K.*, 431 Pa.Super. 198, 636 A.2d 198 (1994), that determination would not end our inquiry. As CYS points out, Appellant's stated reason for contending that he should have been joined as a party from the inception of the action is to contest the entry of orders concerning T.T. However, Appellant makes no claim that he . was unaware of the circumstances surrounding the petition for dependency; indeed, he apparently offered to remove himself from the house in August of 2001 after the charges of abuse were made in July.[2] (N.T., 8/30/01, at 8; Motion to Intervene Evidentiary Memorandum at 13). Even more conclusively, the trial court states · that he was present in the courtroom throughout these proceedings, and testified at the hearing held in December of

2001. (Trial Ct. Op., 11/8/02, at 3). Thus Appellant did not lack notice that CYS had taken action on the matter of T.T.'s allegations. However, Appellant himself took no action to exercise his rights until 10 months after the disposition order was entered in January of 2002, despite the previous dismissal by this Court of a premature appeal, taken after the dependency order but prior to entry of the disposition order, by Cassie Mills raising the same issue he now presents. *In re: [T.T.]; Appeal of Cassie Mills*, No. 190 WDA 2002, 2002 WL 32353723 (Pa.Super.2002)(unpublished memorandum). Relying on *In the Interest of C.A.M.*, 264 Pa.Super. 300, 399 A.2d 786, 787 (1979), we observed: "[a]fter a final disposition has been made, the entire proceedings will be subject to review, **including the child's stepfather's rights** and the effectiveness of the natural mother's counsel (**assuming these issues are properly preserved**)." *In re [T.T.], supra* at 3 (emphasis added).

■ ¶ 7 Pa.R.C.P. 2327 provides that "[a]t any time **during the pendency of an action**, a person not a party thereto shall be permitted to intervene" subject to certain rules. (emphasis added). However, 2329(3) provides that an application for intervention may be denied, *inter alia*, if "the petitioner has unduly delayed in making the application for intervention or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties." The question of whether the putative intervener has been dilatory is one within the discretion of the trial court whose decision will not be disturbed absent a manifest abuse of that discretion. *Jackson v. Hendrick*, 498 Pa. 270, 446 A.2d 226, 228–29 (1982). But, as the Rule and this Court make clear, "[t]o

---

2. The trial court notes that "[Appellant] has never been a party to any judicial proceeding, criminal or otherwise, which has resulted in a determination that he perpetrated any abuse against [T.T.]." (Trial Ct. Op. at 4).

petition the court to intervene after a matter has been finally resolved is not allowed by our Rules of Civil Procedure. It is only during the pendency of an action that a court may allow intervention." *In re Estate of Albright,* 376 Pa.Super. 201, 545 A.2d 896, 899 (1988), *appeal denied,* 522 Pa. 571, 559 A.2d 33 (Pa.1989). Moreover, "[e]specially where the party proposing its intervention has had ample notice and opportunity to protect its interests earlier, to allow intervention at such a late date would unduly prejudice the interests of a party in whose favor the matter has been resolved." *Id.* The Court in *Albright* also observed that "where a court no longer has power to permit intervention because a matter has been finally adjudicated, a hearing on a petition to intervene would be pointless." *Id.*

¶ 8 Here, as already noted, the Memorandum accompanying Appellant's intervention petition makes clear that his intention in seeking intervention is to relitigate the matters covered by the dispositional, that is, final, order. This, as the Rules make clear, is not the intended purpose of intervention, specifically the direction that it occur, if at all, during the pendency of the action. Further, no appeal contesting the disposition was taken by Cassie Mills, the nominal appellant in the earlier approach to this Court on the timing of Appellant's intervention and the person whose care and control of the child are questioned by the dependency petition. Therefore, because Appellant chose to sit on his rights rather than exercising them in a timely fashion, they are lost; the trial court's denial of his request to vacate the disposition Order is affirmed.

¶ 9 Appellant's separate challenge to the goal change, also a final order, *see In re C.J.R.,* 782 A.2d 568 (Pa.Super.2001), is also denied because of his failure to develop his argument or to cite any authority in support of his position.[3] *McClung v. Breneman,* 700 A.2d 495 (Pa.Super.1997).

¶ 10 Because the Superior Court may raise questions of jurisdiction *sua sponte, Rieser v. Glukowsky,* 435 Pa.Super. 530, 646 A.2d 1221, 1223 (1994), a question remains as to whether the trial court properly vacated the CYS determination that the allegations of sexual abuse against Appellant were founded. The court explained that

> [p]eripherally to this case, a founded report of child abuse has been filed against [Appellant] by Armstrong County Children and Youth Services (CYS). We view filing this report as a deprivation of liberty or property interest without due process of law because he was not a party to the case prior to the time of filing, and such a report has, at a minimum, a deleterious effect on [Appellant's] opportunities for employment. This is especially true in light of the lack of any provision for appealing a founded report. 23 Pa.C.S. §§ 6338, 6341. Therefore, it was improper for CYS to file such a report without first making [Appellant] a party to the case.

(Trial Ct. Op., 5/1/03, at 4) (footnote omitted).

¶ 11 The trial court here arrived at two mutually exclusive conclusions: first, that Appellant possessed standing sufficient to justify intervention, but not such as would compel his transformation into an indispensable party; second, that because Ap-

---

**3.** Because Appellant's claim of an erroneous goal change depends entirely on a finding that he should have been made a party to this litigation at its inception, we would have found it to be without merit in any event as Appellant has no clearly defined custodial rights to the child.

pellant was not made a party to the proceedings from their inception, the findings of sexual abuse must be vacated. However, regardless of its underlying theory, the order which followed, vacating the finding that T.T. was an abused child and directing CYS to withdraw its founded report against Appellant, is beyond the court's jurisdiction as noted above, *see* 42 Pa. C.S.A. § 5505, and must itself be vacated.

¶ 12 Order affirmed in part and vacated in part.