J-S55041-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| IN THE INTEREST OF: S.F., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: R.B., MOTHER | |
| | No. 794 WDA 2020 |

Appeal from the Order Entered June 30, 2020
In the Court of Common Pleas of McKean County Domestic Relations at
No(s): No. 15 D.P. 2020

| | |
|---|---|
| IN THE INTEREST OF: B.F., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: R.B., MOTHER | |
| | No. 795 WDA 2020 |

Appeal from the Order Entered June 30, 2020
In the Court of Common Pleas of McKean County Domestic Relations at
No(s): No. 14 D.P. 2020

BEFORE: BOWES, J., McCAFFERY, J., and COLINS, J.*

MEMORANDUM BY COLINS, J.:                    FILED JANUARY 15, 2021

_____

* Retired Senior Judge assigned to the Superior Court.

Appellant R.B. ("Mother"), appeals from the orders dated May 8, 2020, and entered on June 30, 2020, adjudicating her female children with R.F. ("Father") (collectively, the "Parents"), S.F. (born in October of 2010) and B.F. (born in September of 2009) (collectively, the "Children"), dependent under the Juvenile Act, 42 Pa.C.S. § 6302(1), and setting forth additional provisions with regard to the disposition of the Children pursuant 42 Pa.C.S. §§ 6341 and 6351.[1]  We affirm.

On April 9, 2020, McKean County Department of Human Services' ("DHS") Children and Youth Services ("CYS") filed motions for emergency protective custody of the Children.  The trial court granted the motions in orders entered on that same date.  On April 13, 2020, the trial court held a shelter care hearing with regard to the Children.  On April 21, 2020, the trial court entered shelter care orders.  On April 25, 2020, CYS filed petitions to

_____

[1] The adjudication/disposition order also provided that the trial court was granting the Agency's motion for a finding of aggravated circumstances against Father, as Father's parental rights had been terminated to another of his children who is not a subject child in this matter.  In a separate order dated May 8, 2020, and entered on June 30, 2020, the trial court found aggravated circumstances existed as to Father.  See Pa.C.S. § 6302(5) (defining aggravated circumstances as "[a]ny of the following circumstances: . . . (5) [t]he parental rights of the parent have been involuntarily terminated with respect to a child of the parent. . . ."). Father has not filed any notice of appeal in this matter, nor has he filed a brief in Mother's appeal from the trial court orders.

adjudicate the Children dependent, alleging the existence of aggravated circumstances with regard to Father.

On May 8, 2020, the trial court held an adjudicatory/dispositional hearing on the dependency petitions and the aggravated circumstances petition, at which Attorney Michele Alfieri-Causer represented CYS; Attorney John Thomas represented Mother; Attorney Christopher Martini represented Father; and Attorney Mark Hollenbeck served as the guardian ad litem ("GAL") for the Children.[2] Mother participated via telephone. N.T., 5/8/20, at 5. Father also participated. Id. at 8. CYS presented the testimony of R.L., who is the uncle of Father and Mother's fiancé, M.F., Sr., with whom Mother resides. Id. at 13, 23, 36, 71. CYS then presented the testimony of its intake caseworker, Megan Mesler. Id. at 25. Next, CYS presented the testimony of Shannon Barth, a mobile therapist and behavior specialist for Sagewood who works with S.F. Id. at 45-46. CYS then presented the testimony of Adam Dickerson, who is employed by the Port Allegany Police Department and has served as the lead investigator for the ChildLine report that the police department received on January 23, 2020. Id. at 55-56. Thereafter, CYS presented the testimony of Sue Hogue, who works for CYS's Foster Care Department. Id. at 64. Next, CYS presented the testimony of Marcy

_____

[2] The trial court held the hearing via videoconference because of the declared judicial emergency and mandate for social distancing. See Summons, 4/24/20, at 1.

Flickinger, the Foster Care/Adoption Supervisor for DHS. Id. at 67. Subsequently, Mother testified on her own behalf. Id. at 70. Finally, CYS presented the testimony of Ms. Mesler as a rebuttal witness. Id. at 93.

Based on the testimonial evidence, the trial court set forth the following factual findings in its May 8, 2020 adjudication/disposition order:

> [S.F.] is 9 years old and her date of birth is [10/[ ]/2010]]. [[B.F.] is 10 years old and her date of birth is September [ ], 2009.] [Their] [m]other is [R.B.] and [their] [f]ather is [R.F., Sr.]. [The Children have] had limited recent contact with [their] [f]ather. Father does not dispute that [the Children are dependent children]. He indicated that he is not in a position to obtain custody of [them]. Mother disputed the allegations in the petition and a full hearing was held. The evidence presented at the hearing demonstrated: [sic] Mother's paramour is [M.F., Sr.]. [M.F., Sr.,] has been convicted of prior criminal offenses that require him to register as a Megan's Law offender. He has previously been convicted of the offense of Failure to Register at McKean County Criminal Number [ ] CR 2007. Mother has resided with [M.F, Sr.,] [and allowed him to] have extensive and unsupervised contact with [the Children]. The court finds that [M.F., Sr.,] has sexually abused [the Children]. Mother was aware of [M.F., Sr.'s,] history and the potential danger the [C]hildren faced by having contact with him - but she still allowed the contact to occur. Following the emergency hearing[,] the court ordered that the [C]hildren were to be in the custody of their maternal grandparents, [the W.'s]. The [W.'s] were willing to have the [C]hildren in their care pending the resolution of this dependency action. The court ordered that the [W.'s] were to supervise all visits between Mother and the [C]hildren. The court approved supervised visits [of the Children] with Mother[,] with the strict requirement that the [W.'s] or CYS were to supervise contact between Mother and the [C]hildren[,] and [the Children] were to have no contact with [M.F., Sr.]. However, the [W.'s] allowed Mother to have contact with the [C]hildren when they were not present. Further, Mother allowed the [C]hildren to "Facetime" with [M.F., Sr.]. This was in direct violation of the court's previous order and further demonstrates that Mother will allow her relationship with [M.F., Sr.,] to completely override her duty to protect the [C]hildren.

Trial Court Orders (S.F. and B.F.), 5/9/20, at 1-2.

In the orders dated May 8, 2020, and entered on June 30, 2020, the trial court adjudicated the Children dependent under the Juvenile Act, 42 Pa.C.S. § 6302(1). As its disposition, the court committed the Children to the shared legal custody of the Agency and the Parents, with physical placement of the Children in foster care with B.M. Mother was to have contact with the Children only as agreed to, and as supervised by, CYS. CYS was granted the authority to approve mental health treatment for the Children, including evaluation and counseling services. Moreover, CYS was granted the authority to approve routine medical treatment for the Children and to obtain a copy of their medical records.

On July 27, 2020, Mother timely filed notices of appeal with accompanying concise statements of errors complained of on appeal pursuant to Pa.R.A.P 1925(a)(2)(i) and (b). On August 19, 2020, this Court, acting sua sponte, consolidated the appeals.

In her briefs on appeal, Mother raises one issue:

I. Whether the [t]rial [c]ourt erred in finding the subject child to be dependent pursuant to 42 Pa.C.S. §6302(subsection 1)?

Mother's Briefs, at 9.

In her briefs, Mother argues that the trial court abused its discretion by finding that CYS met its burden of proving, with clear and convincing evidence, that the Children are dependent 42 Pa.C.S. § 6302(1), and, thus, we should

- 5 -

vacate the adjudication and dispositional orders entered on June 30, 2020. Mother's Briefs, at 16-17. In particular, Mother asserts that there was no credible evidence that M.F., Sr., committed sexual abuse acts on either or both of the Children, contending that the testimony of R.L. was not credible.[3]

Initially, in its Rule 1925(a) opinion, the trial court states:

[t]he sole issue set forth in Mother's Concise Statement of Matters Complained of on Appeal is that 'the court erred in finding the subject child(ren) to be dependent pursuant to 42 Pa.C.S. § 6302. Mother provides no details of how the record is lacking or how the court misapplied 42 Pa.C.S. § 6302.

Trial Court Opinion (B.F. and S.F.), 8/10/20, at 1.

Citing In re: In the Interest of A.B., 63 A.3d 345, 351 (Pa. Super. 2012), the trial court further states:

Mother's failure to set forth any specifics as to how the record is lacking makes it impossible for [the trial court] to respond to her assertions. The court would be just guessing as to what Mother will argue in her Appellate Brief and/or oral

_____

[3] To the extent that Mother requests us to vacate the dispositional portion of the orders as well as the adjudications of dependency, Mother has waived any challenge to the disposition of the Children by her failure to challenge the disposition in both her concise statements and her statements of questions involved portions of her briefs. See Krebs v. United Refining Company of Pennsylvania, 893 A.2d 776, 797 (Pa. Super. 2006) (holding an appellant waives issues that are not raised in both the appellant's concise statement of errors complained of on appeal and the statement of questions involved portion of the appellant's brief on appeal). Further, in the argument portion of her briefs, Mother does not challenge or discuss the disposition of the Children, only their adjudication as dependent children. Thus, based on that additional reason, we conclude Mother waived any challenge to the dispositional portion of the orders. See Chapman-Rolle v. Rolle, 893 A.2d 770, 774 (Pa. Super. 2006) ("[i]t is well settled that a failure to argue and to cite any authority supporting any argument constitutes a waiver of issues on appeal," quoting Jones v. Jones, 878 A.2d 86, 90 (Pa. Super. 2005)).

argument. Therefore, by filing such a vague Concise Statement, Mother has waived any issues that she may have had.

Id. at 2.

In *In the Interest of A.B.*, in the concise statement, the mother raised the issue of whether the trial court failed to provide her a fair hearing, but she failed to identify any specific issues. This Court found that the mother had waived any issues she might have on appeal by failing to identify any specific issue on appeal. Id., 63 A.3d at 351. In the present appeal, we disagree with the trial court's suggestion that Mother's concise statement, which challenges the adjudication of the Children as dependent pursuant to 42 Pa.C.S. § 6302(1), is so vague as to amount to a waiver of her issue, since she is challenging the sufficiency of the evidence with regard to a specific statutory section. See also Commonwealth v. Laboy, 594 Pa. 411, 414-415, 936 A.2d 1058, 1059-1060 (2007) (holding that this Court erred in determining that the appellant had failed to adequately develop in his Rule 1925(b) statement the claim that the evidence was insufficient to support his conviction). Thus, we proceed to review the issue on its merits.

The Pennsylvania Supreme Court recently set forth our standard of review in a dependency case as follows.

> "The standard of review in dependency cases requires an appellate court to accept findings of fact and credibility determinations of the trial court if they are supported by the record, but does not require the appellate court to accept the lower court's inferences or conclusions of law." *In re R.J.T.*, 608 Pa. 9, [27], 9 A.3d 1179, 1190 (Pa. 2010). We review for abuse of discretion[.]

In Interest of: L.Z., A Minor Child, 641 Pa. 343, 360, 111 A.3d 1164, 1174 (2015).

Section 6302 of the Juvenile Act defines a "dependent child" as:

[a] child who:

(1) is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health, or morals. A determination that there is a lack of proper parental care or control may be based upon evidence of conduct by the parent, guardian or other custodian that places the health, safety or welfare of the child at risk[.]

42 Pa.C.S. § 6302.

In In re G., T., 845 A.2d 870 (Pa. Super. 2004), this Court clarified the definition of "dependent child" further, stating, "[t]he question of whether a child is lacking proper parental care or control so as to be a dependent child encompasses two discrete questions: whether the child presently is without proper parental care and control, and if so, whether such care and control are immediately available." Id. at 872 (internal quotations and citations omitted); see also In re J.C., 5 A.3d 284, 289 (Pa. Super. 2010). Additionally, we note that "[t]he burden of proof in a dependency proceeding is on the petitioner to demonstrate by clear and convincing evidence that a child meets that statutory definition of dependency." G., T., 845 A.2d at 872.

With regard to a dependent child, in In re D.A., 801 A.2d 614 (Pa. Super. 2002) (en banc), this Court explained:

[A] court is empowered by 42 Pa.C.S. § 6341(a) and (c) to make a finding that a child is dependent if the child meets the statutory

definition by clear and convincing evidence. If the court finds that the child is dependent, then the court may make an appropriate disposition of the child to protect the child's physical, mental and moral welfare, including allowing the child to remain with the parents subject to supervision, transferring temporary legal custody to a relative or public agency, or transferring custody to the juvenile court of another state. 42 Pa.C.S. § 6351(a).

Id. at 617.

Regarding the disposition of a dependent child, the Juvenile Act, 42 Pa.C.S. § 6351(e), (f), (f.1), and (g), provides the trial court with the criteria for its disposition of the Children. Pursuant to those sections of the Juvenile Act, the trial court is to determine the disposition that is best suited to the safety, protection and physical, mental and moral welfare of the child.

In its opinion, the trial court addressed Mother's issue as follows:

Further, the Findings of the court that are set forth in the May 8, 2020, order are supported by the record. There was clear and direct testimony that: 1) Mother's paramour and fiancé is [M.F., Sr.]; 5-8-2009 [sic] Hearing Tr., page 71; 2) M.F., Sr.,] has been convicted of prior criminal offenses that require him to register as a Megan's Law offender; 5-8-2009 [sic] Hearing Tr., page 36, 87; 3) Mother has resided with [M.F., Sr.,] for 8 years and has allowed him to have extensive and unsupervised contact with her two young minor daughters, B.F and S.F.; 5-8-2009 [sic] Hearing Tr., page 71; 5) [sic] the court found as credible the testimony of [R.L.] that [M.F., Sr.,] sexually abused B.F. and S.F.; 5-8-2009 [sic] Hearing Tr., pages 13-16; 6) Mother was aware of [M.F., Sr.'s,] history and the potential danger the [C]hildren faced by having contact with him - but she still allowed the contact to occur because: "I do trust [M.F., Sr.,]" "he was falsely accused;" and, "(I) know [M.F., Sr.,] didn't do anything to my girls. My girls would tell you, and they never said anything." 5-8-2009 [sic] Hearing Tr., pages 87, 89[;] 7) Following the emergency hearing[,] the court ordered that the [C]hildren were to be in the custody of their maternal grandparents, [the W.'s]. The [W.'s] were willing to have the [C]hildren in their care pending the resolution of this dependency action. The court ordered that the

- 9 -

[W.'s] were to supervise all visits between Mother and the [C]hildren; 5-8-2009 [sic] Hearing Tr., page 104-105[;] 8) The court approved supervised visits with Mother with the strict requirement that the [W.'s] or CYS were to supervise contact between Mother and the [C]hildren and they were to have no contact with [M.F., Sr.,]; 9) despite the court's strict directive, the [W.'s] allowed Mother to have contact with the [C]hildren when they were not present. 5-8-2009 [sic] Hearing Tr., page 74; 10) Mother, when she was with the [C]hildren after they were found to be dependent and after the court ordered that the [C]hildren have no contact with [M.F., Sr.,] initiated and allowed B.F. and S.F. to "Facetime" with [M.F., Sr.,] 5-8-2009 [sic] Hearing Tr., page 28-29, 47, 79, 81-82, 84, 89. This was in direct violation of the court's previous order and further demonstrates that Mother will allow her relationship with [M.F., Sr.,] to completely override her duty to protect the [C]hildren.

If a parent is aware that their significant other has prior convictions for abusing children, it is relevant in a dependency proceeding. In the Interest of C.L., 648 A.2d 799, 801 (Pa. Super. 1994). In the current case not only is there direct evidence that Mother's paramour was convicted of prior sex offenses against minor children, there is evidence that: 1) Mother's longtime paramour/fiancée [sic] has abused B.F. and S.F.; and, 2) Mother directly and willfully ignored the court's order not to allow [M.F., Sr.,] to have contact with the [C]hildren. Mother's conduct, actions and attitude "places the health, safety or welfare of the child (S.F. and B.F.) at risk." 42 Pa.C.S. § 6302. Therefore, the court properly found B.F. and S.F. to be dependent children[,] and Mother's request for relief on appeal should be denied.

Trial Court Opinion, 8/10/20, at 2-4.

After a careful review of the record, we find the trial court's credibility and weight determinations supported by competent, clear and convincing evidence in the record. In Interest of: L.Z., A Minor Child, 641 Pa. at 360, 111 A.3d at 1174. We do not discern any abuse of discretion or error of law in the trial court's orders adjudicating the Children dependent under section 6302(1) of the Juvenile Act. We, therefore, adopt the discussion in the trial

court opinion as this Court's own.  See Trial Court Opinion, 10/8/20, at 1-4.

Accordingly, we affirm the orders of the trial court.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/15/2021